Bernard S. Meyer, J.
In this personal injury action defendant denies that a notice of claim was properly served. Since there is no proof that such a notice was “ actually received ” ‘ ‘ by any member of the board of education * * * any trustee, or the clerk thereof” as required by the governing statutes (Education Law, § 3813; General Municipal Law, § 50-e, subd. 3; former Civ. Prac. Act, § 228, subd. 6 [now CPLR 311, subd. 7]), the action must be dismissed (Bayer v. Board of Educ., 29 A D 2d 537) and cases cited, notwithstanding the admitted facts that a letter stating the claim was addressed hy the adult plaintiff to the Superintendent of Schools, was acknowledged by the Superintendent in a letter in which he stated that the matter was being referred to the school insurance agency for action, and that a written statement was thereafter taken by an investigator from the infant plaintiff, all within 90 days after the claim arose. Unfortunately for plaintiffs, though the Superintendent of Schools is “ the chief executive officer of the school district ” (Education Law, § 1711, subd. 4) (enacted after plaintiff’s injury, but which in this respect at least was simply declaratory of existing practice), and he, the board members, the Trustees and the Clerk are all “ school officers ” (Education Law, § 2, subd. 13), he is not a member of the Board of Education (Education Law, § 2, subd. 14; § 1702, subd. 2; § 1711, subd. 2). Though common sense tells us that none of the Clerks, the members of the board or the Trustees would have done otherwise than the Superintendent did, the claim must be dismissed. When the law deviates too far from common sense it ceases to do justice.
The injustice thus produced results not from any reason for which the notice of claim statute was enacted, for the Judicial Council in recommending adoption of section 50-e of the General Municipal Law stated that its requirement of notice was “ designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still ‘ fresh ’, ” (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 265; see Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226, 232; Teresta v. City of New York, 304 N. Y. 440, 443). Since the Legislature has authorized the Board of Education of every union free school district to purchase insurance against accidents to pupils (Education Law, § 1709, subds. 8-a, 8-b; § 3023) it seems not improper in these days of judicial realism to suggest that, at least with respect to school districts, it is the insurance carrier rather than the municipality that is being afforded the opportunity to investigate (see Simpson v. Loehmann, 21 N Y 2d 305, 313; Thrasher *261 v. United States Liab. Ins. Co., 19 N Y 2d 159,167). It is, thus, apparent that when, as here, the carrier has made its investigation of the claim while “ fresh ”, the statutory purpose has been served and to dismiss the complaint is to permit the real party in interest, the carrier, to escape on a technicality.
Why, then, must the complaint be dismissed? The answer is that though the Judicial Council recognized (loo. cit., supra) that ‘ ‘ far too often technicalities in this field have prevented the disposition of honest claims on their merits ”, it has nevertheless created a system so inflexible that honest claims may still be defeated on a technicality rather than on the merits. Thus, under subdivision 3 of section 50-e of the General Municipal Law, service must be made upon the “ person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered ’ ’, either personally or by registered mail, although if the notice is “ actually received ” by the designated person and the claimant is examined the “ service shall be deemed valid ’ \ Moreover, though the court has discretion ‘ ‘ provided it shall appear that the other party was not prejudiced thereby ” (subd. 6) (which is the instant case) to permit irregularities to be corrected, that discretion does not extend “ to the manner or time of service ” (subd. 6). The fact that the Superintendent is the top man in the school hierarchy, works full time and is knowledgeable in matters such as accident claims, whereas neither board members, Trustees nor the Clerk (Education Law, §§ 2101-2103, 2130) need be full time or knowledgeable in such matters, suggests that the Superintendent will always be as well, and generally be better, equipped to handle a notice of claim than will the others. Yet the failure to include the Superintendent of Schools in the list of officials upon whom service of a summons can be made invalidates a notice of claim sent to him, unless he goes through the administratively useless step of delivering the notice in turn to the Clerk or to a member of the board before turning it over to the insurance carrier. The result is even more anomalous if one indulges the not unreasonable supposition that a notice served upon a member of the board will more often than not find its way to the investigating agency (the carrier) through the intermediary of the Superintendent’s office.
What has been written above will benefit Crystal Bayer not one whit, but will, it is hoped, point up the necessity for revision of the applicable statutes. One alternative would be to revise CPLR 311 (subd. 7) to permit service on a school by service upon any ‘ ‘ school officer ’ ’ as that term is defined in subdivision *262 13 of section 2 of the Education Law; another, to revise section 50-e of the General Municipal Law to provide that registered mail addressed to the public corporation against which the claim is made together with a return receipt cárd evidencing receipt of the notice by the corporation shall be sufficient as to such a corporation; still another to amend subdivision 3 of section 50-e of the General Municipal Law to provide that service made within the prescribed period but not in the prescribed manner shall be deemed valid if the notice is actually received by (1) a person designated by law as a person to whom a summons can be delivered or (2) the insurance carrier for the public corporation, or officer, appointee or employee thereof, against whom claim is made; yet a fourth, and the preferable alternative, to delete from subdivision 6 of section 50-e of the General Municipal Law the words ‘ ‘ manner or ’ ’ and thus give the courts power, when there has been no prejudice to the municipality, to disregard an irregularity in the manner of service. Finally thought might be given, as it is being given in the review of automobile liability insurance now under way, to whether the funds now devoted by school districts to the purchase of liability insurance would not be better utilized if the Education Law provided that no pupil could maintain a tort claim against a school district for any injury for which it provided accident (as distinct from liability) insurance with specified payment provisions.
The Clerk is directed to enter judgment dismissing the complaint, but without costs, since the court determines that to allow costs to the defendant would not be equitable under the circumstances (CPLR 8101).