OPINION OF THE COURT
Jasen, J.
The principal issue on appeal in this contract action is whether the failure to present a claim to the Board of Education pursuant to section 3813 of the Education Law necessarily bars an action against it, where the notice has instead been served upon an officer of one of the bureaus operating under the supervision of the Board.
This action was brought by plaintiff Parochial Bus Systems, Inc. (“Parochial”), to recover amounts allegedly owed to it under a contract with defendant Board of Education of the City of New York (the Board) whereby Parochial was to provide transportation for school children. During the period from February 16, 1979 through May 10, 1979, the members of two unions unaffiliated with the employees of Parochial engaged in a wildcat strike against the Board, and Parochial did not provide transportation at any time therein. Parochial commenced this action on November 8, 1979, claiming entitlement to full compensation under the contractual provisions, and alleging that it was at all times prepared to provide transportation services but was unable safely to do so because of the violence incident to the wildcat strike.
On April 16, 1980, plaintiff Local 100, whose members were employees of Parochial, was granted permission to intervene and, shortly thereafter, served its complaint upon the Board seeking wages owed its members out of the compensation unpaid to Parochial. Previously, Local 100 had won an arbitration award against Parochial for the payment of wages to its member-employees for the period of the wildcat strike. The arbitrator, however, stayed the enforcement of that award pending the satisfaction of the Board’s alleged obligation to Parochial.
The Board moved at Supreme Court for summary judgment on the ground that Parochial had failed to satisfy the *544 notice of claim requirements of section 3813 of the Education Law. The motion was denied, the Trial Judge holding that Parochial had satisfied the statutory requirements by its unverified letter of July 26, 1979 to the Director of the Bureau of Pupil Transportation. That letter, which was forwarded to and answered by the Board’s Office of Legal Services, all within the statutory three-month time limitation, was deemed sufficient to alert the Board to the claim made in this case. On appeal, the Appellate Division, while agreeing as to the sufficiency of Parochial’s notice of claim, nevertheless granted the Board’s motion for summary judgment and dismissed both complaints, finding that Parochial was in no way “prevented” by the strike from providing transportation for the school children. Plaintiffs brought their appeal to this court as of right; the Board has not cross-appealed from any part of the order of the Appellate Division, including the ruling that Parochial’s notice of claim substantially complied with the requirements of section 3813 of the Education Law.
We are presented with a threshold issue: whether the Board may now obtain review of the adverse ruling below which upheld Parochial’s notice of claim, even though the Board failed to cross-appeal from that ruling. Stated in other words, may the successful party which has received all of the relief it sought below be permitted, on an appeal brought by the losing party, to challenge an adverse determination from which it has not cross-appealed? It has been noted by the commentators that this question has received “scant attention” and, indeed, we have had little opportunity to clarify the matter. (7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.06, p 55-74; Cohen and Karger, Powers of the New York Court of Appeals, § 91, pp 394-395.)
Generally, the party who has successfully obtained a judgment or order in his favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal. (CPLR 5511; 10 Carmody-Wait 2d, NY Prac, § 70:54; Siegel, NY Prac, § 525; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.05.) The major exception to this general rule, however, is that the successful party may appeal or cross-appeal from a judgment or order in his favor if he is nevertheless prejudiced because it does not grant him *545 complete relief. This exception would include those situations in which the successful party received an award less favorable than he sought (Norton & Siegel v Nolan, 276 NY 392) or a judgment which denied him some affirmative claim or substantial right (City of Rye v Public Serv. Mut. Ins. Co., 34 NY2d 470). But where the successful party has obtained the full relief sought, he has no grounds for appeal or cross appeal (Matter of Bayswater Health Related Facility v Karagheuzoff, 37 NY2d 408, 413). This is so even where that party disagrees with the particular findings, rationale or the opinion supporting the judgment or order below in his favor (Matter of Zaiac, 279 NY 545, 554), or where he failed to prevail on all the issues that had been raised (Matter of Kaplan v Rohan, 7 NY2d 884; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.06).[1]
The question remaining in such cases, however, is whether the successful nonaggrieved party, thus barred from bringing an appeal or cross appeal, may nonetheless seek review of an adverse holding rendered below, on the appeal from the final judgment or order brought by the losing party. Whatever may have been the confusion existing under section 580 of the old Civil Practice Act (repealed Sept. 1,1963), the provisions of CPLR 5501 (subd [a], par 1) permit a broad scope of review of any such determinations that were “adverse to the respondent”, as long as the final judgment or order has been properly appealed by the appellant. (10 Carmody-Wait 2d, NY Prac, § 70:337; Siegel, NY Prac, § 530, pp 736-737; 7 Weinstein-Korn-Miller, NY Civ Prac, pars 5501.04, 5511.06.) An appeal from a final judgment or order brings up for review any determination of the court below “which was adverse to the respondent” and which “if reversed, would entitle the respondent to prevail in whole or in part on [the] appeal”. (CPLR 5501, subd [a], par 1.) This rule permits a respondent to obtain review of a determination incorrectly rendered below where, otherwise, he might suffer a reversal of the final judgment or order upon some other ground. Hence, the *546 successful party, who is not aggrieved by the judgment or order appealed from and who, therefore, has no right to bring an appeal, is entitled to raise an error made below, for review by the appellate court, as long as that error has been properly preserved and would, if corrected, support a judgment in his favor. (See Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488; Kulaga v State of New York, 37 AD2d 58, 63 [concurring opn], affd 31 NY2d 756; cf. Ferro v Bersani, 78 AD2d 1010; see, generally, Appeal — Right of Winning Party, Ann., 69 ALR2d 701.) Any such error is reviewable once the final judgment or order has been properly appealed from by the losing party.
Here, where the Board was the successful party below, obtaining all the relief it sought, to wit: summary judgment in its favor and dismissal of the complaints, it was not aggrieved by the incidental adverse determination which upheld the sufficiency of plaintiffs’ notice of claim. Consequently, there was no need for the Board to appeal from that incidental holding. However, because a reversal of that incidental determination would entitle the Board to prevail on this appeal, in the event Parochial was successful on the other issue in this case, the Board has the right to assert error and raise the incidental issue for our review. The Board having done so, the issue of the sufficiency of Parochial’s notice of claim is properly before us, and to that we now turn.
The contested notice of claim consisted of the letter written by Parochial’s vice-president, dated July 26, 1979, including the invoices for the disputed period as enclosures, which was sent to the Director of the Board’s Bureau of Pupil Transportation. The letter requested payment in the amount of the enclosed invoices, quoted the specific provision of the contract between Parochial and the Board upon which Parochial’s claim is predicated, and explained the then pending arbitration proceeding in which the member-employees of Local 100 were seeking wages and benefits for the period in question. The letter was apparently forwarded to the Board’s central office in Brooklyn, New York, whereupon the Board’s Office of Legal Services acknowledged receipt in a letter dated August 28, 1979, denying Parochial’s claim. The preparation, delivery, re *547 ceipt and acknowledgment of Parochial’s letter all occurred within three months of the last day of the wildcat strike. The lower courts both held the letter to be sufficient to satisfy the statutory requirements for a notice of claim, finding, in the words of Supreme Court, that “[i]t is inconceivable that the letter dated July 26, 1979, did not sufficiently alert the Board of Education to the possibility of the instant litigation.”
As we have stated on previous occasions, “the purpose of section 3813 of the Education Law is to give a school district prompt notice of claims ‘so that investigation may be made before it is too late for investigation to be efficient’.” (Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 289; cf. Winbush v City of Mount Vernon, 306 NY 327, 333.) The essential elements to be included in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose (Widger v Central School Dist. No. 1, 18 NY2d 646, 648) and, where an action in contract is involved, the monetary demand and some explanation of its computation. (P. J. Panzeca, Inc. v Board of Educ., 29 NY2d 508, 509.) Satisfaction of these requirements is a condition precedent to bringing an action against a school district or a board of education (Matter of Board of Educ. [Wager Constr. Corp.], supra, at p 289; Matter of Board of Educ. [Heckler Elec. Co.], 7 NY2d 476, 482) and, moreover, failure to present a claim within the statutory time limitation (Pugh v Board of Educ., 30 NY2d 968; Walker & Co. v Board of Educ., 44 NY2d 918) or to notify the correct party (Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.], 53 NY2d 306, 311; Bayer v Board of Educ., 58 Misc 2d 259, 260 [Meyer, J.]), is a fatal defect.
Although we have previously held that, where the school district has been “sufficiently informed” of the claim (Widger v Central School Dist. No. 1, supra, at p 648), “all that is required is substantial compliance with the statute” regarding the degree of descriptive detail in a notice of claim (Matter of Baker [Board of Educ.], 309 NY 551, 557), we have, nevertheless, always insisted that statutory requirements mandating notification to the proper public body or official must be fulfilled. (Chesney v Board of Educ., 5 *548 NY2d 1007; Munroe v Booth, 305 NY 426.) Indeed, this court has long held, in the words of Chief Judge Cardozo, that where the “legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue [,] [t]he courts are without power to substitute something else.” (Thomann v City of Rochester, 256 NY 165, 172 [emphasis added].) Moreover, “[w]hat satisfies [a statute such as section 3813 of the Education Law] is not knowledge of the wrong. What the statute exacts is notice of the ‘claim.’ ” (Id.).
Nor may a claimant be relieved of “a positive statutory mandate” simply because no prejudice has resulted, “even to avoid a harsh result.” (P. J. Panzeca, Inc. v Board of Educ., 29 NY2d 508, 510, supra; cf. Matter of Lloyd [MVAIC], 23 NY2d 478,481.)[2] Indeed, addressing a similar question in Ponsrok v City of Yonkers (254 NY 91, 95), Judge Pound wrote for this court that the “fact that the [public body] has not been prejudiced is immaterial. The court may not exercise a dispensing power based on principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with.”
Accordingly, Parochial’s failure to present its notice of claim “to the governing body of [the] district or school”, here the defendant Board, as required by the clear language of subdivision 1 of section 3813 of the Education Law, is a fatal defect mandating dismissal of this action.
The statutory prerequisite is not satisfied by presentment to any other individual or body, and, moreover, the statute permits no exception regardless of whether the Board had actual knowledge of the claim or failed to demonstrate actual prejudice. The statute “must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if *549 the Legislature had envisaged all the problems and complications which might arise”. (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639; see, also, Bayer v Board of Educ., 58 Misc 2d 259, 261, supra.) The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been “presented to the governing body” (Education Law, § 3813, subd 1 [emphasis added]), and this court may not disregard its pronouncement. (Munroe v Booth, 305 NY 426, 428, supra.)[3]
For this reason, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs.

. Indeed, even where the order of the Appellate Division “directs a modification * ** * in a substantial respect”, the successful party has no right to appeal unless it is actually “aggrieved” by that modification. (CPLR 5601, subd [a], par [iii]; Matter of Mize v State Div. of Human Rights, 31 NY2d 1032; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5601.05.)

. The recently enacted subdivision 2-a of section 3813 of the Education Law, which took effect on July 31,1981, authorizes courts, in the exercise of discretion, to extend the time to serve a notice of claim in circumstances where an agent of the school or district “acquired actual knowledge” of the claim and where the district or school has not been “substantially prejudiced”. That amendment, however, is explicitly inapplicable to claims, such as this one, “arising out of contracts entered into by the parties before the effective date”.

. Curiously, subdivision 2 of section 3813, referring to tort actions or proceedings, expressly incorporates section 50-e of the General Municipal Law which, in turn, provides that service of a notice of claim shall be valid, notwithstanding defects in the manner of service, “if the notice is actually received by a proper person within the time specified”. (Subd 3, par [c] [emphasis added].) Contrawise, however, subdivision 1 of section 3813, applicable to contract actions and therefore to the instant case, contains no such reference to the General Municipal Law or to a similar saving provision regarding an “actually received” notice.