■ MAKRAM A. TADROS, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, New York County (Shorter, J.), entered on or about January 7, 1985, granting plaintiff's motion for reargument and, upon reargument, adhering to the court's original determination denying plaintiff's motion for leave to serve a late notice of claim, unanimously modified, on the law and the facts and in the exercise of discretion, without costs or disbursements, to grant the motion for leave to serve a late notice of claim and, except as thus modified, affirmed.

On July 28, 1983, plaintiff, an ophthalmologist who had a few months earlier been advised that he would not be reappointed to the Metropolitan Hospital staff, appeared at the Medical Board office window, demanding entry. After plaintiff forced his way into the office and then refused to leave, the secretary called the security department, which dispatched two officers, who escorted plaintiff from the premises. Plaintiff immediately filed a police report of the incident and criminal summonses were issued against the two security guards. That same day plaintiff was also examined by a physician at Lenox Hill Hospital, who diagnosed his injuries as "bruises and contusions both wrists and forearms." The next day, plaintiff hand delivered a letter addressed to Health and Hospitals Corporation's (HHC) President Stanley Brezenoff briefly detailing the incident. In a second letter to Mr. Brezenoff plaintiff stated that "litigation [was] being contemplated in my case vs. Metropolitan Hospital", but that any such action was being withheld until a discussion was had of "all aspects of this serious issue with you." In September 1983, after investigating the incident, Metropolitan concluded that its security guards had acted properly and within the scope of their employment. Plaintiff, acting *pro se,* thereafter, on October 25, 1983, served a notice of claim addressed to HHC upon the city, alleging an assault by the two guards resulting in physical and psychologi-

cal injury. McKinney's Unconsolidated Laws of NY § 7401 (2) (L 1969, ch 1016, § 20) provides that an action for personal injuries may not be maintained against HHC unless a timely notice of claim "shall have been filed with a director or officer of the corporation". Plaintiff took no further action on his claim until, by notice of motion returnable July 2, 1984, he moved for leave to file a late notice of claim, asserting in support thereof that his failure to serve HHC was due to the mistaken belief that HHC was a city agency and that, even in the absence of a properly served notice of claim, HHC had been put on timely notice. Special Term, citing *Parochial Bus Sys. v Board of Educ.* (60 NY2d 539), denied the motion. We reverse.

Unlike the provision of the Education Law then in effect in *Parochial Bus* (*supra*), General Municipal Law § 50-e (5) vests discretion in the courts to permit late filing where the claimant, in serving the notice of claim, "made an excusable error concerning the identity of the public corporation against which the claim should be asserted". In the circumstances presented we find plaintiff's mistaken belief that HHC was a city agency to be a sufficient excuse warranting late filing relief. HHC has been on notice of the incident from the time of its occurrence and has even conducted its own investigation. While it has never had an opportunity to conduct a physical examination, plaintiff's injuries, or lack thereof, are well documented. Thus, we are unable, in our view of the record, to conclude that the city will be substantially prejudiced, as it claims, by a later filing. Concur—Sullivan, J. P., Carro, Fein, Milonas and Ellerin, JJ.