■ In the Matter of ALPHONSE FANELLI, Appellant-Respondent, v SPENCE-CHAPIN AGENCY, Respondent-Appellant. MR. X. et al., Intervenors-Respondents; ROBERT ABRAMS, as Attorney-General of the State of New York, Intervenor.—In a proceeding pursuant to Family Court Act article 6, the petitioner appeals from so much of an order of the Family Court, Kings County (Schecter, J.), dated January 20, 1989, as granted custody of the petitioner's natural child to the intervenors-respondents, Mr. and Mrs. X. The Spence-Chapin Agency cross-appeals from those portions of the order which (1) granted standing to the petitioner to seek custody of the infant, (2) held the petitioner's consent to the infant's adoption was not valid, and (3) made certain evidentiary rulings.

Ordered that the cross appeal is dismissed, without costs or

disbursements, as Spence-Chapin Agency was not aggrieved by the order appealed from (see, CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner and his girlfriend, the birth mother, conceived a child in early 1987 when they were both 15 years old. Throughout the pregnancy the petitioner told his girlfriend that he would support whatever decision she made regarding the pregnancy. As her delivery date drew near, the young woman entered a maternity home and made plans to put her baby up for adoption. During this time, she met with a caseworker from the Spence-Chapin Agency. The birth mother told the caseworker that the petitioner did not want his parents to know of the pregnancy or planned adoption and he did not wish to be contacted by the agency. Indeed the record reveals that with the exception of four friends, the couple did not tell anyone of the impending birth; the birth mother's mother only learned of the pregnancy in October 1987 when her daughter began to "look * * * pregnant."

The infant was born on December 27, 1987. According to plan, on January 6, 1988, the petitioner, the birth mother, her mother, a family friend, and two Spence-Chapin Agency caseworkers met at the birth mother's home to sign the natural parents' consent to the adoption of the child. Contrary to the Family Court's determination, we find that the agency was in no way culpable or guilty of duress or failure to adequately advise the petitioner. The petitioner properly and of his own free will signed the consent to the adoption of the baby (see, *Matter of Sarah K.,* 66 NY2d 223, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108; *Matter of Podmore v Lady of Victory Infant Home,* 82 AD2d 48, 51). That the petitioner was a minor at the time he signed the consent does not by itself render his consent voidable (see, *Matter of Baby Boy L.,* 144 AD2d 674; *Matter of "Female" D.,* 83 AD2d 933).

After signing the consent, the petitioner went home and finally told his mother the story of the pregnancy, birth and consent to adoption. Within a few days, the petitioner's mother contacted the Spence-Chapin Agency and told them she wanted her son's child.

Because the petitioner consented to the adoption of the child, the Family Court correctly held a hearing to determine the best interests of the child pursuant to Social Services Law § 383 (6). The record fully supports the conclusion that it

would be in the child's best interests for him to be adopted by the intervenors, Mr. and Mrs. X. *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Nehra v Uhlar,* 43 NY2d 242).

Since we find that the consent to adoption was validly obtained, we will not reach the petitioner's constitutional objections to Domestic Relations Law § 111 (1) (e) relating to the necessity of his consent because an alternative ground for disposition exists *(see, New York Tr. Auth. v Beazer,* 440 US 568, 582, n 22). Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.