■ ROBERTA GROSS, Appellant-Respondent, v MITCHELL KURK, Respondent-Appellant. [639 NYS2d 711] —In an action seeking damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 9, 1994, as granted that branch of the defendant's motion which sought dismissal of the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and the defendant cross-appeals from so much of the same order as (1) denied his application for costs and attorney's fees pursuant to CPLR 8303-a, and (2) failed to determine those branches of his motion which sought (a) dismissal of the complaint pursuant to Civil Rights Law §§ 80-a, 81, 82, and 83, (b) summary judgment dismissing the complaint pursuant to CPLR 3212, and (c) dismissal of the complaint for failure to comply with CPLR 3012-a.

Ordered that so much of the cross-appeal as seeks to review the court's failure to consider the defendant's alternate grounds for dismissal is dismissed on the ground that the defendant is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is modified by deleting therefrom the provision denying that branch of the defendant's motion which was for costs and attorney's fees and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from and insofar as reviewed on the cross-appeal, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of costs and attorney's fees; and it is further,

Ordered that the defendant is awarded one bill of costs.

Negligent conduct by a physician constitutes malpractice only when the conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment (*see, Scott v Uljanov,* 74 NY2d 673). In the instant case the plaintiff made no allegation that her social and sexual relationship with the defendant constituted part of her treatment or was in any way related to her treatment. Under these circumstances, we are satisfied that the complaint was properly dismissed for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

In view of the clear lack of merit to the plaintiff's complaint, we are not convinced that the action could be supported by a good faith argument for an extension of existing law (see, CPLR 8303-a [c] [ii]). The action was therefore frivolous and the court should have awarded costs and attorney's fees pursuant to CPLR 8303-a.

The court having granted dismissal of the complaint pursuant to CPLR 3211 (a) (7), the defendant obtained the relief he sought, and he is not aggrieved by the failure of the court to address his alternate grounds for the same relief (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473; see also, Parochial Bus Sys. v Board of Educ., 60 NY2d 539).

We have considered the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.