MARINE MIDLAND BANK, N. A., Appellant-Respondent, v LESLIE SCHLESINGER, Respondent-Appellant. [674 NYS2d 398] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 14, 1997, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and the defendant cross-appeals, as limited by her brief, from stated portions of the same order which, *inter alia*, denied those branches of her motion which were to dismiss the complaint on the additional grounds of res judicata and collateral estoppel.

Ordered that the cross appeal is dismissed on the ground that the defendant is not aggrieved by the portion of the order cross-appealed from (*see,* CPLR 5511; *Parochial Bus ·Sys. v Board of Educ.,* 60 NY2d 539); and it is further, ·

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff made a series of loans to Valeria Associates L.P. (hereinafter Valeria) for various real estate investments. Prior to the first loan, Richard Schlesinger, a guarantor of the loan, and his wife, the defendant Leslie Schlesinger, entered into a "non-transfer of assets agreement" (hereinafter the agreement) with the plaintiff. Pursuant to the agreement, Richard Schlesinger agreed not to transfer to the defendant, and the defendant agreed not to accept, any of the assets owned or controlled by him except to cover ordinary household and living expenses and a one-time distribution of $1,000,000. The agreement stated that it was made to induce the plaintiff to lend Valeria a sum of money to be evidenced by the first loan, and would be effective until the first loan was paid in full. Valeria and the plaintiff subsequently replaced the first loan with substitute notes. The substitute notes represented a larger debt and extended the maturity date of the first loan. The defendant was not a party to the first loan or any of the substitute notes. Thereafter, Valeria defaulted on the substitute notes and the plaintiff commenced an action, *inter alia*, to recover damages from the defendant for breach of the agreement.

Contrary to the plaintiff's contention, no mutual agreement was made between it and the defendant to alter the terms of the agreement. Thus, after the first loan was replaced with the substitute notes, the terms of the agreement were modified, rendering the agreement ineffective and discharging the defendant from any obligations under it. Accordingly, the defendant was entitled to summary judgment. Bracken, J. P., Joy, Altman and McGinity, JJ., concur.