■ EDWARDS A. LASHINS, JR., et al., Appellants-Respondents, v HENRY M. HOCHERMAN et al., Respondents-Appellants. [702 NYS2d 886] —In an action to recover damages for legal malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered August 5, 1999, as upon reargument, adhered to a prior determination in an order entered September 1, 1998, denying the defendants' motion to dismiss the complaint on the ground that it was barred by the Statute of Limitations, and the defendants cross-appeal from so much of the same order as granted reargument.

Ordered that the appeal and the cross-appeal are dismissed, without costs or disbursements, as neither the plaintiffs nor the defendants are aggrieved by the order entered August 5, 1999.

The defendants moved to dismiss the complaint as barred by the three-year Statute of Limitations. By order entered September 1, 1998, the Supreme Court denied the motion. While the Supreme Court agreed with the defendants that the applicable Statute of Limitations was three years, it concluded that a triable issue of fact existed as to whether the defendants continually represented the plaintiffs with regard to the subject transaction "until a date within three years of the commencement of the action". The plaintiffs moved to reargue the order on the ground that the applicable Statute of Limitations was six years as opposed to three years.

Because the order entered September 1, 1998, afforded the plaintiffs the full relief they sought on the defendants' motion, i.e., a denial of that motion, they may not appeal from the order entered August 5, 1999, which adhered to that order (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 545). This is so even though the plaintiffs disagreed with the Supreme Court's finding that the three-year Statute of Limitations applied to this situation. Any such claim of error is reviewable on an appeal from a judgment in the action.

The defendants were also not aggrieved by the order entered

August 5, 1999. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.