██ DUNE DECK OWNERS CORP., Respondent, v J.J.&P. ASSOCIATES CORP. et al., Defendants. J.P. LIGGETT, Nonparty Appellant. [926 NYS2d 312]—

In an action, inter alia, to recover damages for breach of a lease, the nonparty J.P. Liggett appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated December 18, 2009, as granted those branches of the plaintiff's motion which were for an award of an attorney's fee and costs and expenses in connection with the resale of certain property to the extent of fixing an attorney's fee and sale expenses and granting the plaintiff leave to submit, on notice, a judgment and bill of costs and disbursements "as to the original named defendants in this action" and leave to commence a plenary action against him to recover damages accruing to the plaintiff as a result of his failure to close title on certain real property with respect to which he was the successful bidder at a judicial auction sale.

Ordered that the appeal from so much of the order as fixed an attorney's fee and sale expenses and granted the plaintiff leave to submit, on notice, a judgment and bill of costs and disbursements "as to the original named defendants in this action" is dismissed, as the appellant is not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Since the Supreme Court's order granted the plaintiff leave to submit a judgment awarding an attorney's fee, sale expenses, and costs and disbursements only against "the original named defendants in this action," the appellant, who is neither a party nor a defendant in this action, is not aggrieved thereby, and his appeal from that portion of the order must be dismissed (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]).

Contrary to the appellant's contention, the damages recoverable by the plaintiff against him for his failure to close on a judicial sale of the subject property are not limited to the retention of his down payment. Rather, the terms of sale governing the judicial sale did not refer to the down payment as liquidated damages, and expressly permitted the plaintiff to seek and obtain additional damages from a defaulting bidder. Accordingly, the Supreme Court properly granted the plaintiff leave to pursue that relief in a plenary action against the appellant, a defaulting bidder.

The appellant's remaining contentions either are without merit or need not be reached in view of our determination. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.