■ Marques Fernandez, an Infant, by His Mother and Natural Guardian, Ruth De Los Santos, Appellant, v Joel Moskowitz, M.D., et al., Respondents. [979 NYS2d 522]—

Plaintiff seeks damages for injuries he allegedly sustained during his prenatal care and delivery. On a prior appeal, this Court reversed the denial of defendants' motion for summary judgment dismissing the complaint. We did so on the grounds that plaintiff failed to establish a hypoxic-ischemic brain injury. His experts failed to refute the normal results of the MRIs relied on by defendants' experts or explain plaintiff's early normal development and that he did not exhibit signs of delay until he was two years old. Nor did plaintiff show that his developmental delays were unrelated to his genetic visual impairment (*Fernandez v Moskowitz*, 85 AD3d 566 [1st Dept 2011]).

Plaintiff contends that our dismissal of the complaint was a "new fact" as considered in CPLR 2221 (e) (2), and that he should have been allowed to renew the summary judgment motion to proffer the results of a new diagnostic test and expert's affidavit which, he believes, would probably have persuaded this Court to affirm Supreme Court's denial of summary judgment (CPLR 2221 [e] [2]). Plaintiff misconstrues the posture of the case. Because the motion court had denied defendants' summary judgment motion, plaintiff as the prevailing party was never entitled to seek renewal of that motion (*see e.g. Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983] [where the successful party obtained the full relief sought, it has no ground for appeal (or renewal), even if that party disagrees with the particular findings, rationale or the

opinion supporting the order below in its favor]). Moreover, judgment was entered on July 1, 2011, dismissing the complaint, and plaintiff's recourse was to seek to vacate our decision and judgment based on the existence of the new diagnostic test and expert's affidavit (CPLR 5015 [a] [2]).

The motion court properly denied plaintiff's motion to renew the earlier motion seeking renewal of the motion for summary judgment. There are no new facts submitted that would entitle him to renew a motion in which he had prevailed. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.