# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**115**

**CA 14-01114**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

KATHLEEN BENEDETTI, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF ERIC SMITH,
DECEASED, PLAINTIFF-RESPONDENT,

        V                         MEMORANDUM AND ORDER

ERIE COUNTY MEDICAL CENTER CORPORATION,
DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

RICOTTA & VISCO, BUFFALO (FRANK C. CALLOCCHIA OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (RANDY MALLABER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered August 30, 2013. The order granted the motion of defendant Erie County Medical Center Corporation to dismiss the complaint against it.

     It is hereby ORDERED that said appeal is unanimously dismissed without costs.

     Memorandum: Plaintiff commenced this medical malpractice and wrongful death action, and Erie County Medical Center Corporation (defendant) subsequently moved to dismiss the complaint on two grounds, i.e., plaintiff's failure to comply with conditions precedent to the filing of this lawsuit (*see* Public Authorities Law § 3641 [1]), and Supreme Court's lack of personal jurisdiction over it (*see* CPLR 306-b). The court granted the motion only on the ground that plaintiff failed to comply with conditions precedent to this lawsuit, and in its written decision did not address the alternative ground for the motion. Defendant contends on appeal that the court should have granted the motion on the alternative ground as well, i.e., lack of personal jurisdiction, but we conclude that defendant's appeal from the order must be dismissed. A "party [that] has successfully obtained a[n] . . . order in [its] favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544; *see* CPLR 5511). Indeed, "the concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor" (*Mixon v TBV, Inc.*, 76 AD3d 144, 149; *see Hodge v Baptiste*, 114 AD3d 830, 831). In other words, if the appellant "received all the relief it

requested, [it is] not aggrieved, even though the court may have made some finding of fact or ruling of law with which [the appellant is] dissatisfied" (*Mixon*, 76 AD3d at 148-149). Here, defendant received all the relief it requested, which was dismissal of the complaint against it (*see e.g. Ullmannglass v Oneida, Ltd.*, 121 AD3d 1371, 1372 n 2; *Ford v Rifenburg*, 94 AD3d 1285, 1285 n 1; *Gross v Kurk*, 224 AD2d 582, 583).

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court