Meridian Psychological Services, P.C., as Assignee of JEROME GREEN, Respondent, 
against
Allstate Insurance Company, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered January 8, 2013. The judgment, entered pursuant to a decision of the same court dated September 24, 2012, after a nonjury trial, awarded plaintiff the principal sum of $1,365.21.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated September 24, 2012 is deemed a premature notice of appeal from the judgment entered January 8, 2013 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, with $25 costs.
At a nonjury trial of this action by a provider to recover assigned first-party no-fault benefits, the parties' attorneys stipulated that the only issues to be tried were the propriety of defendant's letters scheduling examinations under oath (EUOs), the mailing of these letters and proof that plaintiff's assignor had failed to appear for the EUOs. Following the trial, the Civil Court found that defendant had failed to establish that the EUO scheduling letters had been timely and properly mailed to plaintiff's assignor.
The testimony of defendant's witness established that defendant's counsel's office had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) letters and follow-up letters scheduling EUOs by both first class and certified mail, return receipt requested, to the address set forth on the NF-2 form signed by plaintiff's assignor. Although the copies of the letters which had been sent by certified mail had apparently not been delivered to plaintiff's assignor, this fact, standing alone, does not excuse the assignor's failure to appear for the duly scheduled EUOs. In any event, the record does not contain any evidence showing that the mailing of the EUO scheduling letters to plaintiff's assignor by first class mail had been insufficient (see MML Med. Care, P.C. v Praetorian Ins. Co., 46 Misc 3d 127[A], 2014 NY Slip Op 51792[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
On appeal, however, plaintiff urges us to consider, as an alternative ground for affirmance, its contention that defendant's proof failed to establish that plaintiff's assignor had failed to appear for the two duly scheduled EUOs (see Parochial Bus Sys. v Board of Educ. of City of NY, 60 NY2d 539 [1983]). At trial, defendant's witness testified that, for the second EUO, she checked at 11:30 a.m. to see whether the assignor had appeared and continued to check for another 15 minutes, but plaintiff's assignor never appeared. However, the letter scheduling the second EUO scheduled the EUO for 11:00, not 11:30.[FN1]
As the testimony did not prove that [*2]the assignor did not appear at 11:00, defendant failed to establish that plaintiff's assignor had, in fact, failed to appear for two scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Since this issue was argued before the Civil Court, and has been briefed by the parties before us, we address plaintiff's alternative contention and affirm the judgment on this alternative ground.

Pesce, P.J., Aliotta and Elliot, JJ., concur.

Decision Date: March 16, 2016



Footnotes

Footnote 1: We note that the letter actually scheduled the EUO for 11:00 p.m., not 11:00 a.m. Since defendant did not establish that the assignor failed to appear at either 11:00 p.m. or 11:00 a.m., we need not pass on the effect, if any, of the apparent typographical error between p.m. and a.m.