North Geddes St. Props., LLC v Iglesia Misionera Monte DeSion (2018 NY Slip Op 04150)





North Geddes St. Props., LLC v Iglesia Misionera Monte DeSion


2018 NY Slip Op 04150


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


545 CA 17-01940

[*1]NORTH GEDDES STREET PROPERTIES, LLC, PLAINTIFF-RESPONDENT,
v
IGLESIA MISIONERA MONTE DESION, DEFENDANT-APPELLANT. 






GARY H. COLLISON, LIVERPOOL, FOR DEFENDANT-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NICOLE MARLOW-JONES OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered February 14, 2017. The order, among other things, granted plaintiff's motion for partial summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiff contracted to purchase a building in the City of Syracuse from defendant, a not-for-profit religious corporation. Defendant then filed the requisite petition for permission to sell the building (see Not-for-Profit Corporation Law
§ 511; Religious Corporations Law § 12). Defendant subsequently refused to close the transaction, and plaintiff commenced this action for, inter alia, specific performance of the contract. Supreme Court thereafter issued a single order which, inter alia, granted plaintiff's motion for partial summary judgment on its cause of action for specific performance, denied defendant's cross motion for partial summary judgment dismissing that cause of action, and granted defendant's petition for permission to sell (hereafter, first order).
Defendant then appealed from the first order and moved in Supreme Court to stay the closing pending the disposition of the appeal (see generally CPLR 5519 [a] [6]). The court granted defendant's motion to stay the closing pending appeal, conditioned on the posting of a bond (hereafter, second order). Defendant did not post the bond, however, and the stay lapsed accordingly. After the stay lapsed, the transaction closed and title passed to plaintiff. We note that defendant did not appeal from the second order and challenge the bond requirement or the amount thereof.
Given the above described circumstances, we dismiss defendant's appeal from the first order. Plaintiff's cause of action for specific performance is now moot because the transaction has closed and defendant failed either to post the required bond or to appeal from the second order (see Currier v First Transcapital Corp. , 190 AD2d 507, 507-508 [1st Dept 1993]; see generally Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 171-174 [2002]). In addition, although defendant purports to challenge the granting of its petition for permission to sell, we note that defendant is not aggrieved thereby (see Parochial Bus Sys. v Board of Educ. of City of N.Y. , 60 NY2d 539, 544 [1983]; see generally CPLR 5511).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court