Federal Natl. Mtge. Assn. v Lautman (2020 NY Slip Op 04921)





Federal Natl. Mtge. Assn. v Lautman


2020 NY Slip Op 04921


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-06719
 (Index No. 14285/11)

[*1]Federal National Mortgage Association, respondent,
v
Leonid Lautman, appellant, et al., defendants.


Richard A. Rosenzweig, Esq., P.C., Staten Island, NY, for appellant.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leonid Lautman appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 23, 2018. The order, insofar as appealed from, granted that branch of that defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated March 7, 2017, and to set aside the foreclosure sale of the subject property for lack of jurisdiction.
ORDERED that the appeal is dismissed, without costs or disbursements, as the defendant Leonid Lautman is not aggrieved by the portion of the order appealed from (see CPLR 5511).
In June 2011, the plaintiff's predecessor in interest, JPMorgan Chase Bank, National Association (hereinafter JPMC), commenced this action to foreclose a mortgage against, among others, the defendant mortgagor, Leonid Lautman (hereinafter the defendant). JPMC purportedly served the defendant pursuant to a resettled order dated September 16, 2014, which, inter alia, granted JPMC leave to serve the defendant by publication. After the defendant failed to appear, the plaintiff, as JPMC's successor in interest, successfully moved for an order of reference and a judgment of foreclosure and sale, and the property was subsequently sold to a third party.
In September 2017, the defendant, appearing pro se, moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale for lack of jurisdiction. By order dated January 23, 2018, the Supreme Court, inter alia, granted that branch of the defendant's motion, upon finding that JPMC had failed to make sufficient effort to serve the defendant at his address of record and that service by publication was, therefore, inappropriate. The defendant appeals, contending, inter alia, that upon vacating the judgment of foreclosure and sale against him and setting aside the foreclosure sale, the court also should have dismissed the complaint pursuant to CPLR 3211(a)(8) insofar as asserted against him.
As the plaintiff contends, the limited appeal from the order dated January 23, 2018, must be dismissed on the ground that the defendant, as the appellant, is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157). While several branches of the defendant's motion were denied by the Supreme Court, this appeal is based solely on the branch of the motion that the court granted. As the successful party, the defendant [*2]obtained the full relief sought in that branch of his motion and thus, lacks grounds to appeal from that portion of the order (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545; Matter of Bayswater Health Related Facility v Karagheuzoff, 37 NY2d 408, 412-413).
The defendant's principal contention on appeal—that the Supreme Court should have dismissed the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8)—and the plaintiff's counter-argument—that the complaint should not be dismissed and that its time to effect service upon the defendant should instead be extended pursuant to CPLR 306-b—were not made before the court, and are not properly before us.
The plaintiff's contention that the Supreme Court erred in finding that JPMC failed to make a sufficient effort to serve the defendant at his address of record and that service by publication was therefore inappropriate is not properly before us, because the plaintiff did not cross-appeal from the portion of the court's order which granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale for lack of jurisdiction.
The defendant's remaining contention is not properly before us.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court