Matter of Dentsply Sirona, Inc. (2021 NY Slip Op 00522)





Matter of Dentsply Sirona, Inc.


2021 NY Slip Op 00522


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Manzanet-Daniels, Webber, González, JJ. 


Index No. 155393/18 Appeal No. 13012-13013, 13013A&M-4131 Case No. 2020-01802, 2020-01918, 2020-02460 

[*1]In the Matter of Dentsply Sirona, Inc. Shareholders Litigation .
John Castronovo et al., Plaintiffs-Appellants-Respondents,
Dentsply Sirona, Inc., et al., Defendants-Respondents-Appellants.


Scott + Scott Attorneys at Law LLP, New York (William C. Fredericks of counsel), for appellants-respondents.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Christopher P. Malloy of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 30, 2019, dismissing the consolidated amended complaint (CAC), unanimously modified, on the law, to make the dismissal with prejudice, and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered on or about September 26, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about February 6, 2020, which denied plaintiffs' motion to vacate the judgment and for leave to file a second consolidated amended complaint, unanimously affirmed, with costs.
Defendants may cross-appeal since they did not obtain complete relief because the dismissal of the CAC was without prejudice (see Matter of Blum v Pathstone Corp., 172 AD3d 1679, 1680 [3d Dept 2019]; see generally Parochial Bus Sys. v Board of Educ. of the City of N.Y., 60 NY2d 539, 544-545 [1983]).
Plaintiffs' claims should have been dismissed as time-barred (see 15 USC § 77m). Plaintiffs do not dispute that they could have discovered the alleged misrepresentations and omissions before June 7, 2017 (one year before the first complaint in this action); instead, they contend that they could not have brought claims under sections 11 and 12(a)(2) of the Securities Act of 1933 (15 USC §§ 77k and 77l[a][2]) until August 2017, when the stock price of defendant Dentsply Sirona, Inc. declined precipitously. This argument is unavailing.
Section 12(a)(2) does not require damages. Rather, it permits rescission, and rescission is the relief sought by the named plaintiffs in this case.
As for section 11, "a plaintiff need not plead damages under" that section (NECA-IBEW Health & Welfare Fund v Goldman Sachs & Co., 693 F3d 145, 165 [2d Cir 2012], cert denied 568 US 1228 [2013]; see also In re Under Armour Sec. Litig., 342 F Supp 3d 658, 672 [D Md 2018]). Plaintiffs rely on Yi Xiang v Inovalon Holdings, Inc. (254 F Supp 3d 635, 641 [SD NY 2017]). However, to the extent that Yi Xiang conflicts with NECA, we follow NECA as the controlling authority.
Defendants submitted documentary evidence that the price of Dentsply Sirona stock was less than the offering price on numerous occasions before June 7, 2017. Hence, plaintiffs could have "satisf[ied] the court that [they] ha[d] suffered a cognizable injury" (NECA, 693 F3d at 165) and filed a timely lawsuit.
A dismissal based on the statute of limitations "is on the merits" (DeCrosta v Reynolds Constr. & Supply Corp., 41 NY2d 1100, 1101 [1977]). Therefore, we modify the judgment to make the dismissal with prejudice.
The court providently exercised its discretion (see e.g. Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225-226 [2013]) by denying plaintiffs' motion to vacate the judgment. "A court's inherent power to exercise control over its judgments . . . should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable [*2]neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [1984] [brackets and internal quotation marks omitted]). As the motion court noted, plaintiffs did not claim the judgment was taken through the grounds listed in McKenna.
Given the court's denial of vacatur, its denial of leave to amend was also proper (see Tanner v Stack, 176 AD3d 429 [1st Dept 2019]). M-4131 John Castronovo v Dentsply Sirona, Inc.
Motion for judicial notice denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021