Rodriguez v City of New York (2021 NY Slip Op 02477)





Rodriguez v City of New York


2021 NY Slip Op 02477


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 28675/18 Appeal No. 13662 Case No. 2019-5301 

[*1]Hector Rodriguez et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents.


Akin Law Group PLLC, New York (Leopold Raic and Robert D. Salaman of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 2, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint as against the New York City Department of Education (DOE) due to plaintiffs' failure to file a timely notice of claim as required by Education Law § 3813(1), unanimously affirmed, without costs.
It is undisputed that plaintiffs failed to file or serve a timely notice of claim with defendant DOE pursuant to Education Law § 3813(1). Thus, their claims of discrimination against the DOE were properly dismissed (see Laboy v City of New York, 159 AD3d 632, 633 [1st Dept 2018], lv denied 33 NY3d 904 [2019]; see also Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]). The individual defendants' positions as school cooks, rather than officers, is irrelevant to the issue of whether the DOE is subject to the notice of claim requirement.
This Court declines to consider plaintiffs' argument, raised improperly for the first time in their reply brief on appeal, that under Margerum v City of Buffalo (24 NY3d 721 [2015]), no notice of claim is required where the complaint alleges violations of the State and City Human Rights Laws. In any event, where a notice of claim is required under Education Law § 3813(1), reliance on Margerum and its progeny is misplaced (see Seifullah v City of New York, 161 AD3d 1206 [2d Dept 2018]; Laboy, 159 AD3d 632, 633).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021