Matter of Rumseyfall LLC v Porcelli (2025 NY Slip Op 00568)

Matter of Rumseyfall LLC v Porcelli

2025 NY Slip Op 00568

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND KEANE, JJ.

866 CA 23-01596

[*1]IN THE MATTER OF RUMSEYFALL LLC, PETITIONER-APPELLANT,
v
PETER PORCELLI, TOWN ZONING OFFICER, WILLIAM ROBERT BAILEY, DANIEL EMMO, CHAIRMAN OF THE ZONING BOARD OF APPEALS OF THE TOWN OF SENECA FALLS, RESPONDENTS-RESPONDENTS, THE TOWN HERITAGE PRESERVATION COMMISSION AND CHARLES GENCO, AS CHAIRMAN OF THE TOWN HERITAGE PRESERVATION COMMISSION, RESPONDENTS-APPELLANTS. 

RUMSEYFALL LLC, SENECA FALLS (EMIL J. BOVE, JR., OF COUNSEL), FOR PETITIONER-APPELLANT.
RUPP PFALZGRAF LLC, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

 Appeals from a judgment (denominated order) of the Supreme Court, Seneca County (Craig J. Doran, J.), entered September 11, 2023, in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted in part the amended petition and annulled a determination of the Zoning Board of Appeals of the Town of Seneca Falls. 
It is hereby ORDERED that said appeals are unanimously dismissed without costs.
Memorandum: Petitioner Rumseyfall LLC (Rumseyfall) appeals from a judgment that, inter alia, granted its CPLR article 78 amended petition in part and annulled a determination of the Zoning Board of Appeals of the Town of Seneca Falls (ZBA), and respondents Town Heritage Preservation Commission and Charles Genco, as Chairman of the Town Heritage Preservation Commission, appeal from those parts of the same judgment that dismissed their second and fourth cross-claims, seeking annulment of the determination on alternative grounds. We conclude that the appeals must be dismissed.
A "party [that] has successfully obtained a judgment or order in [its] favor is not aggrieved by it, and, consequently, has no need and, in fact, no right to appeal" (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544 [1983]; see CPLR 5511). Indeed, "the concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor" (Mixon v TBV, Inc., 76 AD3d 144, 149 [2d Dept 2010]; see Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015]). Here, appellants received the relief they requested in their amended petition and cross-claims, which was the annulment of the determination of the ZBA (see generally Gross v Kurk, 224 AD2d 582, 583 [2d Dept 1996]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court