Orlando v Gonzalez

2026 NY Slip Op 02662

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jeremy L. Orlando, et al., appellants,

v

Jose A. Garcia Gonzalez, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-05545, (Index No. 614797/21)

Lara J. Genovesi, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Phillip Hom, JJ.

Dell & Dean, PLLC (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Andrew J. Fisher, and Ross Friscia], of counsel), for appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (James M. Strauss of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated April 10, 2024. The order, insofar as appealed from, upon reargument, in effect, vacated an order of the same court dated February 13, 2024, denying the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Jeremy L. Orlando did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and thereupon granted the motion.

ORDERED that the order dated April 10, 2024, is affirmed insofar as appealed from, with costs.

The plaintiff Jeremy L. Orlando (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries that the injured plaintiff allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated February 13, 2024, the Supreme Court denied the motion.

Thereafter, the defendants moved for leave to reargue their prior motion. In an order dated April 10, 2024, the Supreme Court granted leave to reargue, and, upon reargument, in effect, vacated the February 13, 2024 order denying the defendants' prior motion, and thereupon, granted the defendants' prior motion. The Supreme Court determined, inter alia, that the defendants established, prima facie, that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) under the permanent consequential limitation of use and significant limitation of use categories and that the plaintiffs failed to raise a triable issue of fact in opposition. The plaintiffs appeal. We affirm, albeit on different grounds.

The defendants met their prima facie burden of demonstrating that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-[*2]957). The defendants demonstrated, prima facie, that the injured plaintiff did not sustain a serious injury under permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiffs raised a triable issue of fact as to whether the injured plaintiff sustained serious injuries to the cervical region of his spine and to his left shoulder under the significant limitation of use category of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Contrary to the Supreme Court's determination, the plaintiffs were not required to submit evidence of contemporaneous quantitative measurements to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury under the significant limitation of use category (see id. at 217; De Castillo v Reado, 230 AD3d 565, 567).

The defendants assert, as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), that the plaintiffs failed to raise a triable issue of fact as to causation. The record demonstrates that the defendants' medical evidence established, prima facie, that the injured plaintiff's alleged injuries were pre-existing and degenerative in nature and not caused by the accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, their expert failed to address the findings of the defendants' experts that the injured plaintiff's alleged injuries were degenerative in nature (see Ramos v Jahar, 233 AD3d 999, 1000; Amirova v JND Trans, Inc., 206 AD3d at 602; Mnatcakanova v Elliot, 174 AD3d 798, 800).

The parties' remaining contentions need not be addressed in light of our determination.

GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court