■ PROFESSIONAL DETAIL SERVICE, INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. — Order of the Supreme Court, New York County (Bell, J.), entered June 29, 1983, granting plaintiff's motion for leave to reargue and, upon reargument, vacating its prior order entered on September 9, 1982 and denying defendant's motion to dismiss the complaint, modified, on the law, and defendant's motion to dismiss the complaint granted and otherwise affirmed, with costs.

Subdivision 1 of section 3813 of the Education Law specifically requires that a written verified notice of claim shall be served upon the "governing body" of the Board, i.e., in the instant matter, the Board of Education itself. In addition, by Resolution No. 76 (Aug. 12, 1936), the Board resolved that all notices of claim "shall be served upon the Secretary of the Board of Education or in his absence upon the Assistant Secretary of the Board of Education."

The Court of Appeals has stated that substantial compliance will not satisfy the notice provisions of subdivision 1 of section 3813. "The statutory prerequisite is not satisfied by presentment to any other individual or body, and, moreover, the statute permits no exception regardless of whether the Board had actual knowledge of the claim or failed to demonstrate actual prejudice * * * The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been '*presented* to the *governing body*' (Education Law, § 3813, subd 1 [emphasis added]), and this court may not disregard its pronouncement. [Citation omitted.]" (*Parochial Bus Systems v Board of Educ.*, 60 NY2d 539, 548-549.)

The purported notice of claim herein did not meet the requirements of subdivision 1 of section 3813 of the Education Law since it was not a "written verified claim" nor was it presented to the "governing body", the Board, in a timely fashion. It was addressed to a special assistant for business with the Board of Education and a carbon was sent to the senior assistant to the Chancellor. Neither of these individuals were members of the Board and neither acted as secretary or assistant secretary to the Board. Thus, the failure of plaintiff to present a timely verified notice of claim upon the Board or its designees was "a fatal defect mandating dismissal of this action." (*Parochial Bus*

*Systems v Board of Educ., supra,* p 548.) Concur — Sullivan, Asch, Fein and Milonas, JJ. Kupferman, J. P., dissents and would affirm.