■ In the Matter of BRUCE RICKETSON, Individually and

---

Doing Business as SON & SKY FINE FOTOS, Appellant, v CAMBRIDGE CENTRAL SCHOOL DISTRICT et al., Respondents. [611 NYS2d 49] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 29, 1992 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Cambridge Central School District awarding a contract to respondent Character Arts School Portraits.

Respondent Cambridge Central School District (hereinafter the District) publishes an annual yearbook and on a yearly basis contracts with a photographer to take senior portraits and other photographs for publication in the yearbook. The District solicited proposals from interested photographers for the 1992-1993 yearbook (hereinafter the yearbook). Petitioner, who was the District's yearbook photographer for the previous four academic years, respondent Character Arts School Portraits and two other photographers submitted bids, and Character Arts was selected. Challenging certain aspects of the District's contract with Character Arts, petitioner commenced this proceeding seeking to permanently enjoin the District from using any senior photographs taken for the yearbook, to require that all such photographs be retaken and $35,000 in compensatory damages. Supreme Court dismissed the petition. We affirm.

Petitioner's failure to present a notice of claim to the governing body of the District within 90 days from the accrual of the claim, a condition precedent to the prosecution of this proceeding, is a fatal defect mandating dismissal *(see,* Education Law § 3813 [1]; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547-548; *see also, Pope v Hempstead Union Free School Dist. Bd. of Educ.,* 194 AD2d 654, *lv dismissed* 82 NY2d 846). Petitioner's assertion that he provided notice to the District by corresponding with the yearbook advisor, the principal and the superintendent is unavailing, as none of these people constitute the District's "governing body" *(see, Matter of Jackson v Board of Educ.,* 194 AD2d 901, *lv denied* 82 NY2d 657).

Petitioner's further argument that the District's agreement with Character Arts violates NY Constitution, article VIII, § 1 and Education Law § 414 is lacking in merit. Under the circumstances herein, there is no indication in the record that the District loaned or gave any money or property to Character Arts. Furthermore, any benefit to private enterprise was

only incidental *(see, Matter of Hoyt,* 17 Ed Dept Rep 173). We have considered petitioner's remaining arguments and find them to be without merit.

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.