■ SPOLETA CONSTRUCTION AND DEVELOPMENT CORP., Respondent-Appellant, v BOARD OF EDUCATION OF THE BYRON-BERGEN CENTRAL SCHOOL DISTRICT, Appellant-Respondent. [634 NYS2d 300] —Order unanimously modified on the law and as

modified affirmed without costs in accordance with the following Memorandum: Supreme Court should have granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff failed to serve a notice of claim on the proper party prior to commencement of the action as required by Education Law § 3813 (1). Although plaintiff's November 12, 1992 letter to defendant Board of Education substantially complied with the statutory provisions regarding the degree of descriptive detail required in a notice of claim, it was not properly served upon defendant. Education Law § 3813 (1) requires a claimant to serve the notice of claim on the governing body of the school district. The governing body in this instance is the Board of Education (see, Education Law §§ 1701, 1710), and plaintiff's delivery of the letter to the Superintendent of Schools does not constitute service upon the Board (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548; Matter of Ricketson v Cambridge Cent. School Dist., 203 AD2d 761; Matter of Jackson v Board of Educ., 194 AD2d 901, 903, lv denied 82 NY2d 657). Because no notice of claim was served on defendant prior to commencement of the action, the action must be dismissed (see, Parochial Bus Sys. v Board of Educ., supra).

The court also erred in granting plaintiff leave to file a late notice of claim. A cause of action for breach of contract accrues when the breach occurs (Kassner & Co. v City of New York, 46 NY2d 544, 550), i.e., when a demand for payment is expressly rejected or when plaintiff should have viewed its demand as having been rejected (see, Arnell Constr. Corp. v Village of N. Tarrytown, 100 AD2d 562, 563, affd 64 NY2d 916; Boeckmann & Assocs. v Board of Educ., 207 AD2d 773, 775; William J. Thomann, Inc. v Auburn Enlarged City School Dist., 176 AD2d 1235, 1236). Plaintiff's cause of action for damages arising from delay in the performance of a construction contract accrued when two written demands for such damages were expressly rejected on April 28 and September 10, 1992 by the project architect, who was authorized by defendant to reject such demands (see, Arnell Constr. Corp. v Village of N. Tarrytown, supra). Plaintiff failed to move for leave to file a late notice of claim within one year of accrual of that cause of action, and, thus, the court lacked authority to grant such relief (see, Pierson v City of New York, 56 NY2d 950, 955; Peek v Williamsville Cent. School Dist., 221 AD2d 919 [decided herewith]; Boeckmann & Assocs. v Board of Educ., supra; Pope v Hempstead Union Free School Dist., 194 AD2d 654, 656, lv dismissed 82 NY2d 846). We modify the order on appeal, therefore, by denying plaintiff's cross motion for leave to file a late notice of claim

and granting defendant's motion for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Genesee County, Kane, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.