*8 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and defendant’s motion to dismiss the action granted.
Plaintiff brought the instant small claims action against the Town of Babylon to recover for personal injuries sustained as a result of having fallen into a pothole in the road. In her complaint form, she alleged that she had filed a notice of claim with the Town, but did not allege that the Town had prior written notice of the existence of the pothole. Defendant subsequently moved to dismiss, based upon plaintiff’s failure to comply with the prior written notice requirements of Town Law § 65-a (1) as well as Babylon Town Code § 158-1. The court below denied the motion, finding that the requirement of prior written notice was merely a procedural bar to bringing an action, that the small claims court is not “bound by statutory provisions or rules of practice, procedure, pleading or evidence,” and that the provisions of UDCA 1804, which require the small claims court to do “substantial justice between the parties according to the rules of substantive law” must govern.
Just as the requirement of filing and serving a notice of claim, as embodied in General Municipal Law § 50-e, is applicable to small claims actions brought against municipalities (see Poulmentis v Town of Southampton, 1 Misc 3d 128[A], 2003 NY Slip Op 51556[U] [App Term, 9th & 10th Jud Dists 2003]), so is the requirement that prior written notice of the alleged defect be established. As a condition precedent to maintaining an action against the Town “for damages or injuries to person or property sustained by reason of any highway . . . being defective,” both section 65-a (1) of the Town Law and section 158-1 of the Babylon Town Code require that notice in writing of the defect be given to the proper official of the Town. Although the Town Law provision requires written notice or constructive notice, the Babylon Town Code provision does not contain a constructive notice alternative. A municipality may impose a more restrictive notice requirement than that contained in the Town Law (see Fulgum v Town of Cortlandt, 2 AD3d 775 [2003]; Bacon v Arden, 244 AD2d 940 [1997]). Only two exceptions have been recognized to the requirement of prior written notice; namely, where the municipality created the defect through an affirmative act of negligence, or where a “special use” confers a special benefit on the municipality (see Amabile v City of Buffalo, 93 *9 NY2d 471 [1999]). In circumstances such as in the instant case, where the municipality has restricted its notice requirement to prior written notice, there is no constructive notice exception (see Amabile v City of Buffalo, 93 NY2d 471 [1999], supra).
Contrary to the conclusions arrived at by the court below, the requirement of prior written notice of the defect, like the requirement of a notice of claim, has been held to be a substantive element of the plaintiffs cause of action against the defendant rather than a mere procedural requirement (see Cipriano v City of New York, 96 AD2d 817 [1983]). The “[informal and simplified” procedure rules generally applied in small claims cases (see UDCA 1804) may not be used to excuse a fatal deficiency in a plaintiffs substantive case (Ragosto v Triborough Bridge & Tunnel Auth., 173 Misc .2d 560 [App Term, 1st Dept 1997]). Consequently, in order that “substantial justice . . . [be] done between the parties according to the rules and principles of substantive law” (UDCA 1807), this additional condition precedent to bringing the action against defendant may not be ignored.
In support of its motion, defendant alleged that it did not have any prior written notice of the defective condition alleged by plaintiff. Plaintiff did not controvert said allegation in opposition to defendant’s motion, nor did she allege any of the exceptions to the prior written notice requirement. For this reason, the order of the court below should be reversed, and the action dismissed.
McCabe, EJ., Covello and Tanenbaum, JJ., concur.