[840 NE2d 569, 806 NYS2d 457]

VARSITY TRANSIT, INC., et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

Argued October 20, 2005; decided November 17, 2005

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Julian L. Kalkstein* and *Larry A. Sonnenshein* of counsel), for appellant. Plaintiffs failed to file notices of claim with the Board of Education of the City of New York pursuant to Education Law § 3813 (1) as a condition precedent to the commencement of their contract claims for the balance of school year 1996-1997 and for school years 1997-1998, 1998-1999 and 1999-2000 and, therefore, their application to amend their complaint to add such claims more than one year after said claims had accrued should have been denied. (*Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539; *Lawrence Constr. Corp. v State of New York,* 293 NY 634; *Babigian v Wachtler,* 181 AD2d 640; *Matter of Judge Rotenberg Educ. Ctr. v Maul,* 91 NY2d 298; *Matter of State of New York v Ford Motor Co.,* 74 NY2d 495; *Dreger v New York State Thruway Auth.,* 81 NY2d 721; *Barchet v New York City Tr. Auth.,* 20 NY2d 1; *Chinatown Apts. v New York City Tr. Auth.,* 100 AD2d 824; *Arol Dev. Corp. v City of New York,* 59 AD2d 883; *Salesian Socy. v Village of Ellenville,* 41 NY2d 521.)

*Ruskin Moscou Faltischek, P.C.,* Uniondale (*Joseph R. Harbeson* of counsel), for respondents. Education Law § 3813 does not require the filing of notices of claim for plaintiffs' postaction claims. (*Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.,* 214 AD2d 288, 88 NY2d 866; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539; *Caselli v City of New York,* 105 AD2d 251; *Matter of Hurley v Avon Cent. School Dist.,* 187 AD2d 982; *Koren-DiResta Constr. Co. v New York City School Constr. Auth.,* 293 AD2d 189; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59; *Matter of Brown v Board of Trustees of Town of Hamptonburg, School Dist. No. 4,* 303 NY 484; *Mercado v New York City Health & Hosps. Corp.,* 247 AD2d 55; *Chinatown Apts. v New York City Tr. Auth.,* 100 AD2d 824; *Barchet v New York City Tr. Auth.,* 20 NY2d 1.)

**OPINION OF THE COURT**

ROSENBLATT, J.

On this appeal, we resolve whether an action against a municipality can suffice as a notice of claim for damages that accrue after the start of the action. We hold that the relevant statute requires plaintiffs to file new notices of claim even though the action seeks an injunction and damages on the same legal theory as the damages that came afterwards.

Plaintiffs are bus companies that have long-term contracts with defendant New York City Department of Education[1] to transport the Department's students. The contracts require the Department to pay the bus companies more for certain increases in the cost of providing benefits for the bus monitors who supervise children on the buses. The cost increases are calculated according to a formula described in the contracts.

In 1995, a disagreement arose between the bus companies and the Department about how to apply the formula. The companies filed notices of claim against the Department, alleging that it had misapplied the formula and underpaid the companies for the 1995-1996 school year and for the first three months of the 1996-1997 school year. The companies then sued the Department seeking damages for breach of contract and an injunction compelling the Department to apply the formula according to the companies' interpretation.

For the purposes of this appeal, the Department concedes that the initial notices were timely filed according to the strictures of Education Law § 3813 (1). That law declares that

---

1. At the start of this litigation, the Department of Education was known as the Board of Education, the original named defendant.

"[n]o action or special proceeding, for any cause whatever, except as hereinafter provided, . . . involving the rights or interests of any district or any such school shall be prosecuted or maintained against any . . . board of education . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. In the case of an action or special proceeding for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied."

The litigation continued in Supreme Court and in July 2001 the bus companies moved for summary judgment holding that the formula applied by the Department underpaid the companies. Supreme Court agreed in part and granted the companies summary judgment for the school years described in the original notices of claim (covering the periods before the litigation began). Supreme Court did not grant the companies injunctive relief.

Along with their summary judgment motion, the bus companies moved to file a supplemental complaint updating their claims to cover the school years that had elapsed since the start of the litigation. For those years, the Department had applied the same formula that Supreme Court rejected in its partial summary judgment decision. The Department concedes that application of the formula as construed by Supreme Court to the disputed periods would be merely ministerial, a matter of arithmetic.

The companies, however, had failed to continue to file new notices of claim every three months during the litigation to cover the ongoing underpayments. For this reason, the Department argued that the companies' complaint could not properly be supplemented to cover the period after plaintiffs filed their lawsuit. Supreme Court agreed with the Department and refused to permit the supplemental complaint. The Appellate Division modified Supreme Court's judgment to permit the companies to supplement their complaint, holding that the orig-

inal complaint (including its call for a prospective injunction) gave the Department sufficient notice. Supreme Court thereafter granted judgment awarding damages to plaintiffs, and we granted leave from the judgment of Supreme Court, pursuant to CPLR 5602 (a) (1) (ii), to bring up for review the prior nonfinal order of the Appellate Division. We now reverse.

On its face, Education Law § 3813 (1) makes no exception to the notice rule for contract disputes already in litigation. The companies argue that the request for an injunction was enough to alert the Department about the specific contractual basis for their objection to the Department's calculations, and that the lawsuit itself served as adequate notice of future claims for damages. Especially because the difference between the adversaries' views of the proper formula remained the same for every billing period in question (so that correcting the formula would require nothing more than an arithmetic adjustment), the companies argue that public policy is not served by compelling continuous notices of claim.

The companies' policy-based position, while plausible, is best addressed to the Legislature. As we have long held, "statutory requirements conditioning suit [against a governmental entity] must be strictly construed" (*Dreger v New York State Thruway Auth.*, 81 NY2d 721, 724 [1992]).[2] This is true even where the Department "had actual knowledge of the claim or failed to demonstrate actual prejudice" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 548 [1983]).

We have repeatedly rejected, and now reject again, proposals to compromise the strict statutory notice of claim requirement, because to do so would lead to uncertainty and vexatious disputes. For example, here the companies argue that the Department was on notice of their future claims because the complaint included a request for injunctive relief. If we accepted this argument, questions would soon arise as to whether a similar but not identical pleading, or an identical pleading in a similar but not identical dispute, was adequate to fulfill the statutory purpose. We decline to start down that road.

To avoid results based on procedural rather than merits adjudication, future plaintiffs, after starting the lawsuit, need

---

2. Although *Dreger* concerned a suit against the State, which, unlike the municipal Department, benefits from sovereign immunity, the policy supporting strict application of notice-of-claim provisions applies equally here because the statute protects the public fisc.

only continue to file the notices of claim that they have filed before the lawsuit. This allocation of responsibility is not overly burdensome on plaintiffs and avoids any possible confusion about which acts of the government the plaintiffs find unlawful.

Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.