POWER COOLING, INC., Appellant, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [852 NYS2d 214]—

In an action to recover damages in quantum meruit for services rendered, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated November 20, 2006, as granted the defendants' motion to dismiss the complaint based upon its failure to timely serve a notice of claim pursuant to Education Law § 3813 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion to dismiss the complaint. "The timely presentation of a notice of claim is a condition precedent to maintaining claims against [the defendants]" (*H. Verby Co. v Carle Place Union Free School Dist.*, 5 AD3d 730, 730 [2004]; *see* Education Law § 3813 [1]; *Public Improvements v Board of Educ. of City of N.Y.*, 56 NY2d 850 [1982]). It is undisputed that no notice of claim was ever served in this case. Moreover, the plaintiff's letter dated February 12, 2003, demanding payment, cannot be deemed the functional equivalent of a notice of claim because, inter alia, it was not presented to the defendants' governing body as required by the statute (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Clune v Garden City Union Free School Dist.*, 34 AD3d 618 [2006]; *Matter of Sainato v Western Suffolk BOCES*, 242 AD2d 301 [1997]; *Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist.*, 221 AD2d 927 [1995]; *Professional Detail Serv. v Board of Educ. of City of N.Y.*, 104 AD2d 336 [1984]). In this regard, any alleged lack of prejudice to the defendants or actual knowledge of the claim by the defendants is irrelevant (*see Varsity Tr., Inc. v Board of Educ. of City of N.Y.*, 5 NY3d 532, 536 [2005]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 548; *Smith v Sagistano*, 186 AD2d 180, 183 [1992]). Furthermore, there was no evidence of affirmative, misleading conduct by the defendants to warrant a determination that they waived, or were estopped from asserting, the notice of claim issue (*see e.g. Consolidated Constr. Group, LLC v Bethpage Union Free School Dist.*, 39

AD3d 792 [2007]; *Suburban Restoration Co. v Wappingers Cent. School Dist.*, 256 AD2d 572 [1998]; *Pope v Hempstead Union Free School Dist. Bd. of Educ.*, 194 AD2d 654 [1993]).

The plaintiff's remaining contentions are improperly raised for the first time on appeal or are without merit. Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.