In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 1, 2009, which denied its motion “pursuant to CPLR 3211 (a) (1), (2), (5), and (7) to dismiss the complaint except for that portion of the first cause of action that seeks payment for . . . unpaid invoices for services rendered during July and August 2005.”
Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which *957 were to dismiss so much of the first cause of action as sought to recover damages for services rendered prior to July 1, 2005, and based on 2% prompt payment discounts imposed by the defendant prior to July 20, 2005, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant.
The plaintiff, Louis Food Service Corporation (hereinafter Louis), and the defendant, Department of Education of the City of New York (hereinafter NYCDOE), are parties to a contract effective August 1, 2004. By letter dated July 11, 2005, mailed to the “Chief Administrator” of NYCDOE’s “Division of Contracts and Purchasing,” Louis terminated the contract, complaining that numerous “problematic issues” had not been resolved. Nevertheless, Louis continued to deliver food products pursuant to the contract and thereafter submitted various invoices for payment, which were not paid and, together with other claims by Louis, are the subject of this action.
On July 31, 2006, another food vendor, High Liner Foods (USA), Inc. (hereinafter High Liner), commenced an action in federal court against the Board of Education of the City of New York (hereinafter the BOE), as well as against Louis and another distributor, Watermelons Plus, Inc. (see Watermelons Plus, Inc. v New York City Dept. ofEduc., 76 AD3d 973 [2010] [decided herewith]). BOE’s answer in the federal action, which included cross claims asserted by BOE against Louis, is dated October 23, 2006. Louis’s answer, dated May 9, 2007, to the cross claims against it included cross claims asserted by it against BOE. High Liner ultimately settled its federal claim against BOE. This resulted in a loss of diversity of citizenship and led to the subsequent dismissal of the remaining cross claims in the federal action. Louis commenced the present action in Supreme Court, Kings County, on September 12, 2008, within six months after the dismissal of the federal action (see CPLR 205 [a]). In this action, the Supreme Court denied NYCDOE’s pre-answer motion to dismiss the complaint and NYCDOE appeals.
Louis does not dispute the proposition that Education Law § 3813 (2-b) provides the applicable one-year prescriptive period for the commencement of this action. However, NYCDOE correctly contends that any cause of action that Louis might have had and that accrued prior to July 31, 2005 (one year before the commencement of the federal action on July 31, 2006) is time-barred, because the six-month period within which to commence a second action, as set forth in CPLR 205 (a), “saves” only those claims that were timely interposed in the first action, here the federal action commenced by High Liner. We note, *958 however, that NYCDOE concedes that the portion of Louis’ complaint relating to still unpaid invoices submitted in connection with deliveries made in July and August 2005 might not have accrued until some point in time less than one year before July 31, 2006, and, accordingly, NYCDOE did not move to dismiss that portion of the first cause of action.
In its respondent’s brief, Louis failed to offer any argument in opposition to NYCDOE’s notice of claim defense (see Education Law § 3813 [1]; § 2562 [1]). However, NYCDOE concedes that Louis’ “notice of claim was timely for [those] causes of action in the complaint” that are unrelated to Louis’ $258,000 claim for reimbursement based on NYCDOE’s having improperly applied a 2% prompt payment discount. We agree with NYCDOE that, other than this concession, Louis may now pursue only those claims that arose within the three-month period prior to October 20, 2005, the date of the letter from Louis to a NYCDOE employee. We note, however, that Louis’ complaint, insofar as it relates to NYCDOE’s application of the 2% prompt payment discount, is not limited to 2% discounts that were imposed by NYCDOE prior to July 20, 2005. Hence, NYCDOE’s notice of claim defense does not warrant dismissal of the portion of Louis’ first cause of action which relates to 2% prompt payment discounts that were imposed by NYCDOE on or after July 20, 2005 (see generally Varsity Tr, Inc. v Board of Educ. of City of N.Y., 5 NY3d 532 [2005]).
The second and third causes of action, in which Louis seeks to recover damages based on its alleged loss of future earnings and based on the fair market value of its business, are time-barred. Even if they were not subject to dismissal as time-barred, they would be subject to dismissal, in whole or in part, based on the termination for convenience clause, for the reasons stated in Watermelons Plus, Inc. v New York City Dept, of Educ. (76 AD3d 973 [2010] [decided herewith]). In this regard, we note that counsel for Louis conceded, as did counsel for Watermelons Plus, Inc., that under New York law, a government agency may exercise its rights under a termination for convenience clause “without any inquiry.” Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.