■ HARINDER KHELA, Respondent, v CITY OF NEW YORK et al., Appellants, and NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Respondent. [937 NYS2d 311]—

On July 19, 2008, the plaintiff allegedly was injured when he lost control of his motorcycle while operating it on the eastbound entrance ramp of the Jackie Robinson Parkway at its intersection with Highland Boulevard in Brooklyn. On August 13, 2008, a notice of claim was sent to the legal department of the defendant New York City Department of Transportation, by certified mail, return receipt requested. In late June 2009, the plaintiff commenced this action against the New York State Department of Transportation and the New York City Department of Transportation. In August 2009, he amended the summons and complaint to add the City of New York as a defendant. The amended complaint alleged the plaintiff's compliance with notice of claim requirements. Thereafter, the City of New York and the New York City Department of Transportation (hereinafter together the defendants) interposed an answer to the amended complaint wherein they specifically denied, inter alia, the allegations in the complaint regarding the plaintiff's compliance with notice of claim requirements. In March 2010, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff failed to serve a timely notice of claim upon the proper entity. The plaintiff opposed the motion. In an order dated September 30, 2010, the Supreme Court denied the motion. The defendants appeal. We reverse.

Pursuant to General Municipal Law § 50-e (1) (a) and § 50-i (1) (a), service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the defendants herein (*see Maxwell v City of New York*, 29 AD3d 540, 541 [2006]). The New York City Department of Transportation is a department of the City of New York, and is not a separate legal entity (*see* NY City Charter § 396). In order for service of a notice of claim upon the City of New York to be

proper, it must be made upon either the Corporation Counsel, his or her designee, or the Comptroller of the City of New York (*see Knox v New York City Bur. of Franchises & N.Y. City*, 48 AD3d 756, 757 [2008]). Here, the plaintiff failed to serve either the Corporation Counsel, his designee, or the City Comptroller within the statutory period. The plaintiff's improper service upon the New York City Department of Transportation is not saved by General Municipal Law § 50-e (3) (c), as that provision is "limited in scope to defects in the manner of serving a notice of claim on the correct public entity" (*Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 614 [2005]).

The Supreme Court erred in concluding that the defendants were equitably estopped from asserting the plaintiff's failure to serve a timely notice of claim upon the correct public entity. " 'The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances' " (*Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492, 493 [1990], quoting *Matter of Gross v New York City Health & Hosps. Corp.*, 122 AD2d 793, 794 [1986]). " '[E]stoppel against a municipal defendant will lie only when the municipal defendant's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party' " (*Mohl v Town of Riverhead*, 62 AD3d 969, 970 [2009], quoting *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677, 677 [2005]). Contrary to the plaintiff's contentions, the fact that the defendants may have conducted an examination pursuant to General Municipal Law § 50-h prior to making their motion to dismiss does not justify a finding of estoppel (*see Dier v Suffolk County Water Auth.*, 84 AD3d 861, 862 [2011]). Moreover, the defendants were under no duty to raise the failure to serve a timely notice of claim upon the proper entity as an affirmative defense in their answer (*see Macias v City of New York*, 201 AD2d 541 [1994]; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d at 493-494). There is no evidence in the record demonstrating that the defendants engaged in any misleading conduct which would support a finding of equitable estoppel (*see Maxwell v City of New York*, 29 AD3d at 541; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d at 677; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d at 493).

Accordingly, the Supreme Court should have granted the defendants' motion to dismiss the complaint and all cross claims insofar as asserted against them. Dillon, J.P., Lott, Roman and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33033(U).]**