Daniel O'Connell, as Parent and Guardian of Myles O'Connell, Respondent,
against
Kings Park Central School District, Appellant. 




Ingerman Smith, LLP (Steven A. Goodstadt of counsel), for appellant.
Daniel O'Connell, as Parent and Guardian of Myles O'Connell, respondent pro se.

Appeal from an order of the District Court of Suffolk County, Fourth District (Janine A. Barbera-Dalli, J.), dated May 15, 2018. The order denied defendant's motion to dismiss the action.




ORDERED that the order is reversed, without costs, and defendant's motion to dismiss the action is granted.
On September 13, 2017, plaintiff's son was injured, after school hours, while playing in a playground area owned by defendant school district while a school-sponsored parent meeting was in progress. Approximately five months after the accident, plaintiff commenced this small claims action seeking reimbursement of the medical costs incurred, which costs had not been covered by insurance. Defendant moved to dismiss the action, arguing, among other things, that plaintiff never filed a notice of claim in accordance with Education Law § 3813 (1). In opposition, plaintiff asserted that a notice of claim had been presented to defendant by means of the medical claim form filled out by the school nurse two days after the incident. Plaintiff further argued that because it had taken the nurse about 55 days to return the medical claim form to him, by the time that he learned that his claim to Pupil Benefits Plan, Inc. for out-of-pocket medical expenses of $407 had been denied, it was beyond three months after the accident. The District Court denied the motion to dismiss and defendant appeals (see Costa v Town of Babylon, 6 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
Pursuant to Education Law § 3813 (1), no action may be maintained against, among others, a school district, unless a notice of claim has been served within three months of the date on which the claim accrued (see C.S.A. Contr. Corp. v New York City School Constr. Auth., 5 NY3d 189 [2005]; Parochial Bus Sys. v Board of Educ. of City of NY, 60 NY2d 539, 547 [1983]; H. Verby Co. v Carle Place Union Free School Dist., 5 AD3d 730 [2004]). It is undisputed that [*2]no notice of claim was ever served in this case. Moreover, contrary to plaintiff's contention, the medical claim form filled out by the school nurse cannot be deemed the functional equivalent of a notice of claim because, among other things, it was not presented to defendant's governing body, as required by the statute (see Power Cooling, Inc. v Board of Educ. of City of NY, 48 AD3d 536 [2008]), and in any event, it was insufficient to provide defendant with actual knowledge of the essential facts constituting the claim (see Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970 [2017]).
Finally, there was no evidence of misleading conduct by the school nurse or defendant to warrant a determination that defendant had waived, or was estopped from asserting, the notice of claim issue (see Power Cooling, Inc. v Board of Educ. of City of NY, 48 AD3d 536).
In view of plaintiff's failure to comply with the notice of claim requirement of Education Law § 3813 [1], defendant's motion should have been granted.
Accordingly, the order is reversed and defendant's motion to dismiss the action is granted.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020