Sanchez v Jericho Sch. Dist. (2020 NY Slip Op 01102)





Sanchez v Jericho Sch. Dist.


2020 NY Slip Op 01102


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-00074
2019-00572
 (Index No. 608702/16)

[*1]Brandon Sanchez, etc., appellant, et al., plaintiff,
v
Jericho School District, et al., respondents.


WeitzPascale, Mineola, NY (Brian C. Pascale and James M. Lane of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered November 16, 2018, and (2) a judgment of the same court entered December 12, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to serve an amended complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed, and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On January 26, 2016, the plaintiff, without leave of court, served upon the defendants a notice of claim alleging that on November 25, 2013, he was injured while participating in wrestling practice at Jericho Senior High School.
This action was commenced in November 2016. In May 2018, upon completion of discovery, the defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the plaintiff failed to serve them with a timely notice of claim. The plaintiff cross-moved for leave to serve an amended complaint. By order entered November 16, 2018, the Supreme Court granted the defendants' motion, and denied the plaintiff's cross motion. A judgment in favor of the [*2]defendants and against the plaintiff dismissing the complaint was entered on December 12, 2018. The plaintiff appeals.
Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against a school district (see General Municipal Law §§ 50-e[5]; 50-i[1]; Education Law § 3813 [2]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). A petition for leave to serve a late notice of claim, or to deem a late notice of claim timely served nunc pro tunc, "may not be made more than one year and 90 days after the happening of the event upon which the claim is based, unless the statute has been tolled" (Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 668; see Pierson v City of New York, 56 NY2d 950, 954-955). Here, the plaintiff failed to serve a timely notice of claim or commence a timely proceeding for leave to serve a late notice of claim.
We agree with the Supreme Court's determination that the defendants were not equitably estopped from asserting the plaintiff's failure to serve a timely notice of claim. "The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances" (Ceely v New York City Health & Hosps. Corp., 162 AD2d 492, 493; see Khela v City of New York, 91 AD3d 912, 914). "[W]here a governmental subdivision acts or comports itself wrongfully or negligently . . . [it] should be estopped from asserting a right or defense which it otherwise could have raised. The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act" (Bender v New York City Health & Hospitals Corp., 38 NY2d 662, 668). Here, there is no evidence in the record demonstrating that the defendants engaged in any misleading conduct which would support a finding of equitable estoppel (see Khela v City of New York, 91 AD3d at 914; Laroc v City of New York, 46 AD3d 760, 761; Wade v New York City Health & Hosps. Corp., 16 AD3d 677, 677). Contrary to the plaintiff's contentions, the defendants' "participation in pretrial discovery did not preclude them from raising the untimeliness of the notice of claim" (Barnaman v New York City Health & Hosps. Corp., 90 AD3d 588, 590; see Laroc v City of New York, 46 AD3d at 761). Moreover, the defendants had no obligation or duty to inform the plaintiff that his notice of claim was untimely served (see Soloff v Board of Educ. of the City of N.Y., 90 AD2d 829, 830; Miller v County of Putnam, 32 AD2d 827, 827, affd 25 NY2d 664).
We also agree with the Supreme Court's determination denying the plaintiff's cross motion which was for leave to serve an amended complaint. The plaintiff's proposed amendment was palpably insufficient or devoid of merit (see Boakye-Yiadom v Roosevelt Union Free School Dist., 57 AD3d 929, 931). Further, even if the plaintiff's cross motion is viewed as one seeking leave to serve a late notice of claim, the application would have been made after the expiration of the statute of limitations and the court would have lacked the authority to grant the cross motion (see Young Soo Chi v Castelli, 112 AD3d 816, 816-817; Matter of O'Neal v New York City Hous. Auth., 6 AD3d 445, 445).
In view of the foregoing, we need not reach the parties' remaining contentions.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court