Matter of Jovasevic v Mount Vernon City Sch. Dist. (2020 NY Slip Op 04839)





Matter of Jovasevic v Mount Vernon City Sch. Dist.


2020 NY Slip Op 04839


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-08573
 (Index No. 50791/18)

[*1]In the Matter of Ljubisa Jovasevic, appellant,
v
Mount Vernon City School District, respondent.


Michael H. Sussman, Goshen, NY, for appellant.
Ingerman Smith, LLP, Harrison, NY (Jeffrey J. Cravens and Gus Mountanos of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Mount Vernon City School District, which terminated the petitioner's employment as a senior architect and denied him payment for certain days that he worked, accrued sick leave, and unused health care benefits, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Larry J. Schwartz, J.), dated June 28, 2018. The judgment, in effect, denied the petition for failure to comply with the notice of claim requirement in Education Law § 3813(1) and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
Ljubisa Jovasevic (hereinafter the petitioner) began working as a senior architect for the Mount Vernon City School District (hereinafter the School District) in February 2016. The Board of Education of the School District (hereinafter the Board) terminated the petitioner's employment on September 19, 2017. The petitioner subsequently commenced this CPLR article 78 proceeding by notice of petition and verified petition, seeking, inter alia, reinstatement and back pay. In its answer, the School District raised as an affirmative defense that the petitioner had not complied with the notice of claim requirement in Education Law § 3813(1). The Supreme Court, in effect, denied the petition for failure to comply with the notice of claim requirement in Education Law § 3813(1) and dismissed the proceeding. The petitioner appeals.
"No action or special proceeding" relating to a claim against, inter alia, a school district "shall be prosecuted or maintained against any school district . . . unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district . . . within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment" (Education Law § 3813[1]). A "failure to present a claim within the statutory time limitation or to notify the correct party, is a fatal defect" (Parochial Bus Sys. v Board of Educ. of City of N.Y. , 60 NY2d 539, 547 [citations omitted]). Although the Court of Appeals has "held that, where the school district has been sufficiently informed of the claim, all that is required is substantial compliance with the statute regarding the degree of descriptive detail in a notice of claim," it has "nevertheless, always insisted that statutory [*2]requirements mandating notification to the proper public body or official must be fulfilled" (id. at 547 [internal quotation marks omitted]). "The statutory prerequisite is not satisfied by presentment to any other individual or body, and, moreover, the statute permits no exception regardless of whether the Board had actual knowledge of the claim or failed to demonstrate actual prejudice" (id. at 548).
Here, we agree with the Supreme Court's finding that the petitioner failed to present his purported notice of claim to the governing body, namely, the Board (see Education Law § 3813[1]; Parochial Bus Sys.v Board of Educ. of City of N.Y. , 60 NY2d at 547-548). The letter that the petitioner contends constituted his notice of claim was sent to the School District's Superintendent, which did "not constitute service upon the Board" (Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist. , 221 AD2d 927, 928). The petitioner did not submit an affidavit of service or any other evidence to demonstrate that he had in fact served or presented his letter to the governing body (see Matter of Nyack Bd. of Educ. v Capolino Design & Renovation , 114 AD2d 849, 850, affd 68 NY2d 647). That the Board ultimately obtained actual knowledge of the letter from the Superintendent's office was of no moment (see Parochial Bus Sys. v Board of Educ. of City of N.Y. , 60 NY2d at 547-548). The petitioner's failure to present his purported notice of claim to the governing body was "a fatal defect" (id. at 547). Accordingly, we agree with the court's determination, in effect, to deny the petition and dismiss the proceeding on this ground.
In light of the foregoing, we need not reach the petitioner's remaining contentions.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court