Incorporated Vil. of Freeport v Freeport Plaza W., LLC (2022 NY Slip Op 03713)

Incorporated Vil. of Freeport v Freeport Plaza W., LLC

2022 NY Slip Op 03713

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-13120
 (Index No. 602227/18)

[*1]Incorporated Village of Freeport, appellant,
v
Freeport Plaza West, LLC, respondent.

The Law Office of Steven Cohn, P.C., Carle Plaza, NY (Susan E. Dantzig of counsel), for appellant.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Steven J. Harfenist of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated November 7, 2019. The order denied the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's counterclaim is granted.
In March 2017, the parties entered into contract wherein the defendant agreed to purchase real property located in the Village of Freeport from the plaintiff. In February 2018, the plaintiff commenced this action against the defendant, alleging, inter alia, that the defendant breached the contract. The defendant answered the amended complaint, and asserted a counterclaim against the plaintiff alleging that the plaintiff's commencement of this action constituted an anticipatory repudiation of the contract. The plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the counterclaim on the ground that the defendant failed to file a notice of claim as required by CPLR 9802. The Supreme Court denied the motion, and the plaintiff appeals.
Pursuant to CPLR 9802, "no action shall be maintained against the village upon or arising out of a contract of the village . . . unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued." "'[S]tatutory requirements conditioning suit [against a governmental entity] must be strictly construed'" (Varsity Tr., Inc. v Board of Educ. of City of N.Y., 5 NY3d 532, 536, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724). This is true even when the municipality "'had actual knowledge of the claim or failed to demonstrate actual prejudice'" (Varsity Tr., Inc. v Board of Educ. of City of N.Y., 5 NY3d at 536, quoting Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 548).
"The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances" (Sanchez v Jericho Sch. Dist., 180 AD3d 828, 830 [internal quotation marks omitted]). "'[E]stoppel against a [municipality] will lie only when the [municipality's] [*2]conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party'" (Khela v City of New York, 91 AD3d 912, 914, quoting Mohl v Town of Riverhead, 62 AD3d 969, 970 [internal quotation marks omitted]).
Here, there is no dispute that the defendant failed to file a notice of claim with the village clerk within one year after its cause of action for breach of contract accrued, as required by CPLR 9802. The Supreme Court erred in determining that the plaintiff, in effect, was estopped from raising a defense based on the defendant's failure to comply with CPLR 9802. Contrary to the defendant's contention, the plaintiff's exchanging of discovery and participation in the depositions of witnesses did not estop it from raising a defense pursuant to CPLR 9802, as mere participation in litigation does not constitute action calculated to mislead or discourage the defendant from filing a notice of claim (see Hochberg v City of New York, 99 AD2d 1028, 1029, affd 63 NY2d 665; Khela v City of New York, 91 AD3d at 914; Dorce v United Rentals N. Am., Inc., 78 AD3d 1110, 1111; Wade v New York City Health & Hosps. Corp., 16 AD3d 677). Moreover, it cannot be said that the plaintiff's participation in the litigation was merely an attempt to lull the defendant to sleep on its rights, as the plaintiff was participating in the litigation to prosecute its own breach of contract claim. In addition, contrary to the defendant's contention, the plaintiff had no obligation to apprise the defendant that it had failed to timely serve a notice of claim (see Khela v City of New York, 91 AD3d at 914; Dorce v United Rentals N. Am., Inc., 78 AD3d at 1111; Wade v New York City Health & Hosps. Corp., 16 AD3d 677). Town of Smithtown v Jet Paper Stock Corp. (179 AD2d 634) is distinguishable on its facts and is not controlling.
Contrary to the defendant's contention, notice of claim statutes must be strictly construed, even where the municipality "'had actual knowledge of the claim or failed to demonstrate actual prejudice'" (Varsity Tr., Inc. v Board of Educ. of City of N.Y., 5 NY3d at 536, quoting Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 548; see Matter of Jovasevic v Mount Vernon City Sch. Dist., 186 AD3d 1219, 1220). The Supreme Court therefore erred in determining, in effect, that the plaintiff was barred from raising a notice of claim defense because it had knowledge of the claim and suffered no prejudice from the lack of a formal notice of claim. Furthermore, the requirements of notice of claim statutes apply to the filing of counterclaims (see City of New York v Kraus, 110 AD3d 755, 757; Town of Philipstown v Garrison Contr., Inc., 85 AD3d 1014; City of New York v Candelario, 223 AD2d 617, 618). Therefore, the fact that the plaintiff commenced an action based on the same transaction as the defendant's counterclaim did not excuse the defendant from complying with CPLR 9802.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court