| **Spencer v NYC Dept. of Educ.** |
|:---:|
| 2025 NY Slip Op 30070(U) |
| January 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152463/2024 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. J. MACHELLE SWEETING**         **PART**              **62**
                 *Justice*

---------------------------------------------------------------------X

JAMALA K. SPENCER,                          **INDEX NO.**        152463/2024

                        Plaintiff,          **MOTION DATE**      05/31/2024

            - v -                           **MOTION SEQ. NO.**      001

NYC DEPARTMENT OF EDUCATION,                **DECISION + ORDER ON**
                                                    **MOTION**
                        Defendant.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for                     DISMISSAL                   .

In the pending complaint, plaintiff Jamala K. Spencer alleges the following causes of action: 1) hostile work environment, under 42 USC § 2000e (f); (2) hostile work environment, under the New York State Human Rights Law ("NYSHRL"), Executive Law § 296 (1) (a) ("NYSHRL § 296 (1) (a)"); (3) discrimination, under the New York City Human Rights Law ("NYCHRL § 296 [1] [a]"), Administrative Code § 8-107 (1) (a); and 4) retaliation, under NYCHRL § 8-107 (1) (7).

Defendant, New York City Department of Education ("DOE"), now moves for a judgment and an order dismissing the Complaint pursuant to Rules 3211(a)(2), 3211(a)(5), and 3211(a)(7) of the Civil Practice Law and Rules ("CPLR") and New York Education Law § 3813. Defendant argues that plaintiff's Complaint should be dismissed because: (1) Plaintiff failed to file a notice of claim upon DOE, precluding this Court from exercising subject matter jurisdiction over the action; (2) the Complaint is barred by the one year statute of limitations applicable to actions

**152463/2024   SPENCER, JAMALA K. vs. NYC DEPARTMENT OF EDUCATION**                  **Page 1 of 6**
  **Motion No.  001**

against DOE under New York Education Law § 3813(2-b); (3) Plaintiff has not pled a hostile work environment claim under the NYSHRL or discrimination claim under the NYCHRL; and (4) Plaintiff has not pled a retaliation claim under the NYCHRL.

In opposition, plaintiff cross-moves for an order granting leave to serve a notice of claim and, pursuant to CPLR 3025(b), permitting Plaintiff to amend her Complaint.

## FINDINGS OF FACT

According to the complaint, (NYSCEF Doc. No. 2), which this court accepts as true for purposes of this motion, (*Mercedes v Cool Wind Ventilation Corp.*, 223 AD3d 623, 624 [1st Dept 2024]).  Plaintiff, who self-identifies as Black,  joined defendant as a special education teacher in January 2008, and she received tenure around 2011-2012.  Subsequently, she assumed various leadership roles, including as a "teacher leader" who trained other teachers.  In December 2018, plaintiff became a preschool special education coordinator for the District 2 Pre-K Center and, in this role, and at the request of the preschool director at the time, Aneesha Jacko ("Director Jacko"), plaintiff "successfully opened four (4) self-contained classrooms for pre-school students with delays or cognitive disabilities" (NYSCEF Doc. No. 2, ¶¶ 12, 14).

The problems allegedly began when Community Superintendent Donalda Chumney ("Superintendent Chumney"), who is White (*id.*), visited plaintiff's school on January 17, 2020. Plaintiff states that Superintendent Chumney reviewed the records of three individualized educational program ("IEP") meetings and noticed that one of the forms did not include a parent's signature.  In front of Director Jacko and others, including District 2 Pre-K Center Site Coordinator Erica Drew ("Site Coordinator Drew"), Superintendent Chumney accused plaintiff, who had stated that parents usually attended IEP meetings, of being a liar. Despite plaintiff's protests and her effort to introduce supporting information, Superintendent Chumney did not believe plaintiff.  The

**152463/2024   SPENCER, JAMALA K. vs. NYC DEPARTMENT OF EDUCATION**                    **Page 2 of 6**
  **Motion No.  001**

[* 2]

2 of 6

same day, and allegedly at the direction of Superintendent Chumney, Director Jacko gave plaintiff a letter that accused plaintiff of "professional misconduct" (*id.*, ¶ 24). Both Director Jacko and Superintendent Chumney continued to accuse plaintiff of misconduct and dereliction of duty. Plaintiff alleges that Superintendent Chumney and Site Coordinator Drew filed the complaint that resulted in there being an investigation against plaintiff.

On February 4, 2020, plaintiff filed a complaint with DOE's Office of Equal Opportunity, claiming that she had been discriminated against based on her race. Plaintiff contends that, although the Joint Committee that investigated her complaint found that Superintendent Chumney had harassed plaintiff, it took no remedial action. In addition, plaintiff alleges that Superintendent Chumney retaliated against her by attempting to influence the hiring process when plaintiff applied for a DOE position in June 2020. Plaintiff alleges that, around November 2021, DOE commenced a retaliatory investigation to determine whether plaintiff was guilty of employee misconduct. Plaintiff received official notice of this investigation on January 31, 2022. Although the complaint that resulted in the investigation was anonymous, the complaint notes that Superintendent Chumney worked at DOE until November 30, 2020 and, therefore, was a DOE employee when the complaint was filed.

Finally, plaintiff contends that on October 5, 2021, September 21, 2021, and April 7, 2022, Site Coordinator Lisa Galeano ("Site Coordinator Galeano") treated her disrespectfully – specifically, by shouting at her and generally treating her with disrespect – and the Acting Assistant Principal, Angela Rodriguez ("Acting Assistant Principal Rodriguez") did not take remedial action against Site Coordinator Galeano. Plaintiff states that as a result of this treatment, she developed post-traumatic stress disorder and, around August 2022, she took a medical leave.

**152463/2024 SPENCER, JAMALA K. vs. NYC DEPARTMENT OF EDUCATION** **Page 3 of 6**
**Motion No. 001**

3 of 6

[* 3]

Plaintiff also filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2022, (NYSCEF Doc. No. 18), and she received a notice of her right to sue on September 21, 2022 (NYSCEF Doc. No. 19). Around December 20, 2022, plaintiff commenced a lawsuit against DOE in federal court (NYSCEF Doc. No. 20). Judge Jennifer L. Rochon of the Southern District of New York issued an order, dated February 15, 2024, that dismissed plaintiff's single federal claim, under 42 USC § 2000e et seq (Title VII). The court did not exercise supplemental jurisdiction over plaintiff's State law claims, and therefore these causes of action were dismissed without prejudice.

## CONCLUSIONS OF LAW

Under New York Education Law § 3813 (1), claims against school districts and its officers requires that a notice of claim must be filed within 90 days of the date on which the claim arises. This notice requirement is strictly construed and is a mandatory condition precedent that applies in the context of NYSHRL and NYCHRL cases *See* N.Y. Educ. Law § 3813(1); *Diaz v. N.Y.C. Dep't of Ed.,* 2020 NY Slip Op 30341(U), ¶ 4 [Sup. Ct, NY County 2020] (to "commence an action against the DOE alleging violations of the NYCHRL, a notice of claim must be served on the DOE within three months of the accrual of such claim"). This Notice of Claim requirement is a mandatory "condition precedent" to commencement of litigation against DOE, which must be both pled and proved by plaintiff. *Radvany v. Jones*, 184 AD2d 349, 349 [1st Dept 1992]. Failure to comply with the Notice of Claim requirement mandates dismissal of the action with prejudice. *Professional Detail Serv., Inc. v. Bd. of Educ.,* 104 AD2d 336, 336 [1st Dept 1984]. Courts are without power to disregard failure to comply, even to avoid a harsh result. *See e.g., Varsity Tr., Inc. v. Bd. of Educ. of City of New York*, 5 NY3d 532, 536 [2005] ("We have repeatedly rejected,

**152463/2024   SPENCER, JAMALA K. vs. NYC DEPARTMENT OF EDUCATION**          **Page 4 of 6**
  **Motion No.  001**

4 of 6

and now reject again, proposals to compromise the strict statutory notice of claim requirement, because to do so would lead to uncertainty and vexing disputes"); *Parochial Bus Sys. v. Bd. of Educ.,* 60 NY2d 539, 548 [1983] ("Nor may a claimant be relieved of a positive statutory mandate simply because no prejudice has resulted, even to avoid a harsh result"); *Republic of Argentina v. City of New York*, 25 NY2d 252, 265 [1969] (Even foreign sovereign must comply with Notice of Claim requirements).

With regard to late notice, a party may seek leave to file a late notice of claim, but the court has no discretion when the plaintiff moves for leave to file more than one-year-and-ninety-days after the incident occurred (*see Matter of Jaime v City of New York*, 41 NY3d 531, 540 [2024] [discretion of court exists "provided the statute of limitations of one year and 90 days has not already expired"]). When filed after the above period, the application must be denied without consideration of the merits (*see Gondal v New York City Dept. of Educ.*, 19 AD3d 141, 141-142 [1st Dept 2005]).

Here, plaintiff's claim accrued on April 7, 2022, which was the last time that Galeano allegedly shouted at her. Thus, plaintiff should have served a notice of claim upon DOE by July 6, 2022. Even if this court were to find that the time for plaintiff to file a notice of claim were tolled by the filing of her EEOC charge on April 7, 2022 and that the limitations period did not re-commence until September 21, 2022, when she received her right to sue letter, it would not cure the fatal and undisputed deficiency here, which is that a notice of claim was never filed in this case. It was not filed within the 90-day period and a motion for leave to file was not made within the applicable one year and ninety-day time period in which this court can exercise discretion. Indeed, plaintiff moved for the first time to file a notice of claim in the cross-motion filed on

152463/2024   SPENCER, JAMALA K. vs. NYC DEPARTMENT OF EDUCATION                Page 5 of 6
Motion No.  001

5 of 6

[* 5]

August 2, 2024.  Plaintiff's failure to file a notice of claim mandates dismissal, as this constitutes "a fatal defect" (*Alfred Santini & Co. v City of New York*, 266 AD2d 119, 120 [1st Dept 1999]).

With regard to plaintiff's cross-motion seeking leave to amend, such motion is denied as the statutory prerequisite for filing a notice of claim applies to the proposed amended claims and, as indicated above, a notice of claim has not been filed.  Accordingly, it is hereby:

**ORDERED** that the motion to dismiss is granted and this action is dismissed in its entirety.

| January 9, 2025 | | | | | J. MACHELLE SWEETING, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 6]